STATE OF NORTH CAROLINA v. FRED BRENT ALLEN

No. 70

(Filed 14 April 1977)

1. **Criminal Law § 141— indictment as habitual felon**
    The Habitual Felons Act clearly contemplates that when one who has already attained the status of an habitual felon is indicted for the commission of another felony, that person may also be indicted in a separate bill as being an habitual felon. G.S. 14-7.1 *et seq.*

2. **Criminal Law § 141— habitual felon — ancillary proceeding**
    The Habitual Felons Act does not authorize a proceeding independent from the prosecution of some substantive felony for the sole purpose of establishing a defendant's status as an habitual felon but requires that the proceeding be ancillary to a pending prosecution for the principal, or substantive, felony.

3. **Criminal Law § 141— habitual felon — increased punishment**
    Being an habitual felon is not a crime but is a status the attaining of which subjects a person thereafter convicted of a crime to an increased punishment for that crime.

4. **Criminal Law § 141— habitual felon — independent proceeding — dismissal of indictment**
    Where it is clear from the indictment charging defendant with being an habitual felon that prior to its return all the substantive felony proceedings upon which it is based had been prosecuted to completion and there was no pending felony prosecution to which the habitual felon proceeding could attach as an ancillary proceeding, the indictment on motion of the defendant should have been dismissed for failure to charge a cognizable offense.

ON petition for review of a judgment of *Crissman, J.,* entered at the April 12, 1976 Session of FORSYTH Superior Court

State v. Allen

prior to determination by the Court of Appeals pursuant to General Statute 7A-31. Docketed and argued as No. 68, Fall Term 1976.

*Rufus L. Edmisten, Attorney General, by Jack Cozort, Associate Attorney, for the State.*

*Douglas R. Hux, Attorney for defendant appellant.*

EXUM, Justice.

In an independent proceeding purportedly pursuant to the North Carolina Habitual Felons Act, G.S. 14-7.1 through 14-7.6, defendant was indicted, tried and convicted of being an habitual felon. He was sentenced to twenty years imprisonment. The indictment alleged and the state's evidence tended to prove that before the present indictment was returned defendant had entered successive pleas of guilty at different times to more than three felony offenses each committed after conviction of the one preceding it. The state's evidence tended to show further that defendant had been sentenced on each of these prior convictions. Defendant moved to dismiss the indictment, to dismiss the charge at the close of all the evidence, and appealed from the judgment of the court imposing a 20-year sentence, assigning as error the entry of the judgment and failure of the trial court to allow these motions.

By his motion to dismiss the indictment defendant raised the question of whether our Habitual Felons Act authorized the state to bring this independent proceeding to declare him an habitual felon when the indictment itself revealed that before it was returned all the proceedings by which he had been found guilty of the underlying substantive felonies had been concluded. We hold that the act does not authorize such a proceeding and that defendant's motion to dismiss the indictment should have been allowed.

The Habitual Felons Act provides in pertinent part as follows:

"§ 14-7.1. Persons defined as habitual felons.—Any person who has been convicted of or pled guilty to three felony offenses . . . is declared to be an habitual felon.

"§ 14-7.2. Punishment.—When any person is charged by indictment with the commission of a felony . . . and is

State v. Allen

also charged with being an habitual felon as defined in § 14-7.1, he must, upon conviction, be sentenced and punished as an habitual felon, as in this chapter provided, except in those cases where the death penalty is imposed.

"§ 14-7.3. Charge of Habitual Felon.—An indictment which charges a person who is an habitual felon within the meaning of § 14-7.1 with the commission of any felony under the laws of the State of North Carolina must, in order to sustain a conviction of habitual felon, also charge that said person is an habitual felon. The indictment charging the defendant as an habitual felon shall be separate from the indictment charging him with the principal felony.

.   .   .   .

"§ 14-7.5. Verdict and Judgment.—When an indictment charges an habitual felon with a felony as above provided and an indictment also charges that said person is an habitual felon as provided herein, the defendant shall be tried for the principal felony as provided by law. The indictment that the person is an habitual felon shall not be revealed to the jury unless the jury shall find that the defendant is guilty of the principal felony . . . . If the jury finds the defendant guilty of a felony, the bill of indictment charging the defendant as an habitual felon may be presented to the same jury. Except that the same jury may be used, the proceedings shall be as if the issue of habitual felon were a principal charge. If the jury finds that the defendant is an habitual felon, the trial judge shall enter judgment according to the provisions of this article.

"§ 14-7.6. Sentencing of habitual felons.—When an habitual felon as defined in this chapter shall commit any felony under the laws of the State of North Carolina, he must, upon conviction or plea of guilty under indictment in form as herein provided . . . be sentenced as an habitual felon; and his punishment must be fixed at a term of not less than 20 years in the State prison nor more than life imprisonment . . . . "

**[1, 2]** Properly construed this act clearly contemplates that when one who has already attained the status of an habitual felon is indicted for the commission of another felony, that person may then be also indicted in a separate bill as being an habitual felon. It is likewise clear that the proceeding by

State v. Allen

which the state seeks to establish that defendant is an habitual felon is necessarily ancillary to a pending prosecution for the "principal," or substantive, felony. The act does not authorize a proceeding independent from the prosecution of some substantive felony for the sole purpose of establishing a defendant's status as an habitual felon. For a similar statutory procedure see General Statute 15A-928 and note especially the official commentary thereto.

One writer has identified three basic multiple offender or recidivist type procedures by which criminal sentences otherwise appropriate may be increased. "Recidivist Procedures," 40 N.Y.U. L. Rev. 332 (1965). The first type requires the allegation of recidivism in the indictment charging the substantive offense. The same jury which tries the substantive offense simultaneously tries the recidivism issue. This kind of proceeding was sustained from constitutional attack in *Spencer v. Texas*, 385 U.S. 554 (1967). A second kind of procedure is a supplemental proceeding whereby a multiple offender charge is filed after the necessary underlying felony prosecutions have been completed. If in the supplemental proceeding the defendant is found to be a multiple offender, the sentence earlier imposed for the last substantive felony is, by statute, vacated and a new enhanced sentence is imposed for that felony. The third kind of proceeding is that contemplated in the North Carolina Habitual Felons Act. This type proceeding requires the indictment or information charging the defendant to be separated into two parts, the first alleging the present, or substantive crime, and the second alleging defendant's recidivist status. Such a procedure was generally described in the cited article as follows, 40 N.Y.U. L. Rev. at 334:

"Before the trial and in the absence of the jury, both parts of the indictment are read to the defendant, at which time he must plead to the charge of the present crime. If he pleads not guilty to the present offense and proceeds to trial, at the trial there can be no mention to the jury of the prior convictions. If and when the jury returns a verdict of guilty, the second part of the indictment is again read to the defendant, at which time he must plead to the recidivist allegation. If he admits the prior convictions, he is sentenced in accordance with the recidivist statute. If he denies them, he is entitled to a jury trial on the issue of prior convictions."

This last approach, which our legislature has adopted, seems to be the fairest and least susceptible to constitutional attack of the three described.

> "[T]he defendant has notice that he is to be charged as a recidivist before pleading to the present offense, eliminating the possibility that he will enter a guilty plea on the expectation that the maximum punishment he could receive would be that provided for in the statute defining the present crime. Moreover, while notice is given before pleading, only the allegation of the present crime is read and proved to the jury at the first trial, preventing any prejudice due to the introduction of evidence of prior convictions before the trier of guilt for the present offense." 40 N.Y.U. L. Rev. at 348.

[3]  The only reason for establishing that an accused is an habitual felon is to enhance the punishment which would otherwise be appropriate for the substantive felony which he has allegedly committed while in such a status. The effect of such a proceeding "is to enhance the punishment of those found guilty of crime who are also shown to have been convicted of other crimes in the past." *Spencer v. Texas, supra,* 385 U.S. at 556. Being an habitual felon is not a crime but is a status the attaining of which subjects a person thereafter convicted of a crime to an increased punishment for that crime. The status itself, standing alone, will not support a criminal sentence. "The habitual criminal act . . . does not create a new and separate criminal offense for which a person may be separately sentenced but provides merely that the repetition of criminal conduct aggravates the guilt and justifies greater punishment than ordinarily would be considered." *State v. Tyndall,* 187 Neb. 48, 50, 187 N.W. 2d 298, 300, *cert. denied sub nom. Goham v. Nebraska,* 404 U.S. 1004 (1971).

The state urges that our statute is susceptible of an interpretation which would permit a separate habitual felon proceeding to take place supplementary to and following the completion of the substantive felony prosecutions. The argument is based on the requirement in General Statute 14-7.3 that the indictment charging the habitual felon status "shall be separate from the indictment charging him with the principal felony" and General Statute 14-7.5 which provides that the question of defendant's recidivism *"may* be presented to the same jury."

State v. Allen

(Emphasis added.) Since the statute does not make mandatory the requirement that the same jury hear both issues, the state argues that a different jury in a different and subsequent proceeding may determine the recidivism issue.

This argument misses the point. One basic purpose behind our Habitual Felons Act is to provide notice to defendant that he is being prosecuted for some substantive felony *as a recidivist.* Failure to provide such notice where the state accepts a guilty plea on the substantive felony charge may well vitiate the plea itself as not being knowingly entered with full understanding of the consequences. *United States v. Edwards,* 379 F. Supp. 617 (M.D. Fla. 1974). Since the statute makes no distinction between guilty pleas and jury verdicts of guilt the same notice requirement prevails in either event. *Id.*

The state relies only on cases from Louisiana. The court in these cases, however, had under consideration a Louisiana statute which specifically provided for the filing of a supplemental "multiple offender charge" after the necessary underlying felony prosecutions had been completed. *State v. Bullock,* 329 So. 2d 733 (La. 1976) ; *State v. Bell,* 324 So. 2d 451 (La. 1975) ; *State v. McQueen,* 308 So. 2d 752 (La. 1975). This, as we have already noted, is a different statutory scheme from that contained in our Habitual Felons Act.

[4] Since it is clear from the indictment that prior to its return all the substantive felony proceedings upon which it is based had been prosecuted to completion and there was no pending felony prosecution to which the habitual felon proceeding could attach as an ancillary proceeding, the indictment on motion of the defendant should have been dismissed for failure of the bill to charge a cognizable offense. G.S. 15A-954(10). The judgment of the Forsyth Superior Court is therefore reversed and the case remanded to that court for entry of an order that the indictment be dismissed.

Reversed and remanded.