STATE OF NORTH CAROLINA v. JIMMY JAMES MOORE

No. 9018SC276

(Filed 2 April 1991)

1. **Criminal Law § 1284 (NCI4th)— habitual felon—underlying crime a misdemeanor—conviction as habitual felon improper**

   The trial court erroneously sentenced defendant as an habitual felon since the underlying crime of which he was convicted, possession of less than one gram of cocaine, was a misdemeanor (as N.C.G.S. § 90-95(d)(2) read at the time of the offense) rather than a felony as required by the Habitual Felons Act.

   **Am Jur 2d, Habitual Criminals and Subsequent Offenders § 15.**

2. **Criminal Law § 1283 (NCI4th)— habitual felon—insufficiency of indictment**

   The trial court erred in sentencing defendant as an habitual felon on the conviction for sale of cocaine since the habitual felon indictment did not charge defendant with the felony of selling a controlled substance, namely cocaine, while being an habitual felon.

   **Am Jur 2d, Habitual Criminals and Subsequent Offenders § 21.**

3. **Narcotics § 4.2 (NCI3d)— sale of cocaine to undercover officers—go-between—sufficiency of evidence**

   Evidence was sufficient to be submitted to the jury in a prosecution for sale of cocaine where it tended to show that a third person acted as a go-between to effect the sale of cocaine by defendant to an undercover officer.

   **Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

STATE v. MOORE

[102 N.C. App. 434 (1991)]

APPEAL by defendant from judgment entered 21 September 1989 by *Judge Lester P. Martin, Jr.* in GUILFORD County Superior Court. Heard in the Court of Appeals 13 November 1990.

On 20 February 1989 defendant was indicted for possession with intent to sell and deliver cocaine in violation of G.S. 90-95(a)(1), delivery of cocaine in violation of G.S. 90-95(a)(1), and sale of cocaine in violation of G.S. 90-95(a)(1). Defendant was also indicted as an habitual felon on 21 August 1989 as a result of these charges.

During trial, the State's evidence tended to show that on 28 October 1988 at approximately 8:45 p.m. Larry Davis Dunlap approached two undercover officers, Detectives R.J. Tolley and G.J. Robbins, who were sitting in an old van in the vicinity of Florida Street and Freeman Mill Road in Greensboro, North Carolina. Dunlap first spoke to Detective Robbins and asked if they were looking for a particular place or what they were looking for. Detective Robbins replied that they were looking for "The Hill." Dunlap then informed the two officers that they did not want to go to the place called "The Hill." The officers then stated that they heard they could get something that they wanted at "The Hill." Dunlap then asked, "Well, what do you need to get?" and the officers replied, "Well, how about a little coke." Detective Tolley testified that "coke" meant cocaine.

Dunlap then told the officers that he thought he could get some cocaine for them. He subsequently walked across the street and began to talk to some people. Dunlap returned to the van approximately five to ten minutes later. Dunlap informed the officers that he knew someone who would sell them some cocaine and asked for money to purchase the cocaine. Detective Tolley told Dunlap that she had the money but that she was not going to give it to him because she did not trust him. She told him that she wanted to go along with him. Dunlap left the car again and returned a few minutes later. Detective Tolley then walked across the street with Dunlap. Another individual, who was later identified as defendant, approached them. Detective Tolley could not hear the conversation between Dunlap and defendant. Within thirty seconds, Dunlap asked Detective Tolley for the money. Detective Tolley gave him a twenty dollar bill and a ten dollar bill, both of which had been previously photocopied to record the serial numbers. Detective Tolley then observed Dunlap giving defendant the money and defendant taking a small bag allegedly containing

cocaine from his right front pants pocket and giving it to Dunlap. Dunlap handed the bag to Detective Tolley. Detective Tolley examined the contents of the bag.

Afterwards, she walked back towards the van with Dunlap and thanked him for making the deal for her. Detective Tolley got back into the van with Detective Robbins and they left the area. The detectives then called for assistance in arresting both Dunlap and defendant. At the time of defendant's arrest, he had in his possession the twenty dollar bill with the corresponding serial number that appeared on the photocopy. Dunlap testified that he kept the ten dollar bill.

The jury convicted defendant of possessing less than one gram of cocaine and guilty of the sale of cocaine. The jury found defendant not guilty of delivery of controlled substance. After his conviction, defendant pled guilty to the habitual felon indictment. The trial court sentenced defendant to twenty years imprisonment. Defendant appeals.

Attorney General Lacy H. Thornburg, by Associate Attorney General Alexander McC. Peters, for the State.

Assistant Public Defender Frederick G. Lind for defendant-appellant.

EAGLES, Judge.

[1] Defendant first contends that the trial court erroneously sentenced him as an habitual felon in count one since possession of less than one gram of cocaine is a misdemeanor pursuant to G.S. 90-95(d)(2). Defendant contends that he was not convicted of the underlying felony and as a result cannot be sentenced as an habitual felon. We agree.

> Properly construed this act [Habitual Felons Act (G.S. 14-7.1 through 14-7.6)] clearly contemplates that when one who has already attained the status of an habitual felon is indicted for the commission of another felony, that person may then be also indicted in a separate bill as being an habitual felon. It is likewise clear that the proceeding by which the state seeks to establish that defendant is an habitual felon is necessarily ancillary to a *pending prosecution for the "principal," or substantive, felony.* [Emphasis added.] The act does not authorize a proceeding independent from the prosecution of some substan-

tive felony for the sole purpose of establishing a defendant's status as an habitual felon.

*State v. Allen*, 292 N.C. 431, 433-34, 233 S.E.2d 585, 587 (1977).

The only reason for establishing that an accused is an habitual felon is to enhance the punishment which would otherwise be appropriate for the substantive felony which he has allegedly committed while in such a status. The effect of such a proceeding "is to enhance the punishment of those found guilty of crime who are also shown to have been convicted of other crimes in the past." *Spencer v. Texas, supra*, 385 U.S. at 556. Being an habitual felon is not a crime but is a status the attaining of which subjects a person thereafter convicted of a crime to an increased punishment for that crime. The status itself, standing alone, will not support a criminal sentence. "The habitual criminal act . . . does not create a new and separate criminal offense for which a person may be separately sentenced but provides merely that the repetition of criminal conduct aggravates the guilt and justifies greater punishment than ordinarily would be considered." *State v. Tyndall*, 187 Neb. 48, 50, 187 N.W.2d 298, 300, *cert. denied sub nom. Goham v. Nebraska*, 404 U.S. 1004 (1971).

*Id.* at 435, 233 S.E.2d at 588. *See also State v. Thomas*, 82 N.C. App. 682, 347 S.E.2d 494 (1986), *cert. denied*, 320 N.C. 637, 360 S.E.2d 102 (1987).

G.S. 90-95(d)(2), as it was in effect on 28 October 1988 (the date of defendant's misconduct), provided that any person who unlawfully possessed a controlled substance classified in Schedule II, III, or IV was guilty of a misdemeanor. Under G.S. 90-90 cocaine was classified as a Schedule II controlled substance. If the amount of cocaine was one gram or more, the violation was a felony. G.S. 90-95(d)(2). We note parenthetically that G.S. 90-95(d)(2) now provides that if the controlled substance is cocaine regardless of the amount involved, possession is punishable as a Class I felony.

Here, the jury found defendant guilty of possession of less than one gram of cocaine. Pursuant to G.S. 90-95, as it existed on 28 October 1988, possession of less than one gram was a misdemeanor. Defendant was not convicted of the *underlying felony*. Accordingly, with respect to Count One he could not be sentenced as an habitual felon.

The State argues that G.S. 90-95(e)(3), as it was in effect on 28 October 1988, provided that a defendant who was convicted of a misdemeanor violation would have been punished as a felon because he had previously been convicted of an offense punishable under this Article. After careful consideration, we find the State's argument unpersuasive.

[2] Next defendant contends that the trial court erred in sentencing him as an habitual felon on the conviction for sale of cocaine in Count Three of the indictment because the Habitual Felon Indictment did not charge defendant with the felony of selling a controlled substance, namely cocaine, while being an habitual felon. We agree.

> "It is a universal rule that an indictment must allege all the elements of the offense charged. A defendant is entitled to be informed of the accusation against him and to be tried accordingly." "A charge in a bill of indictment must be complete in itself, and contain all of the material allegations which constitute that offense charged." "The purpose of an indictment 'is (1) to give the defendant notice of the charge against him to the end that he may prepare his defense and to be in a position to plead former acquittal or former conviction in the event he is again brought to trial for the same offense; (2) to enable the court to know what judgment to pronounce in case of conviction.' "

*State v. Squire*, 292 N.C. 494, 506, 234 S.E.2d 563, 570, *cert. denied* by *Brown v. North Carolina*, 434 U.S. 998, 98 S.Ct. 638, 54 L.Ed. 2d 493 (1977).

Here the habitual felon indictment charged defendant with possession with intent to sell and deliver cocaine and delivery of cocaine while being an habitual felon. The jury acquitted defendant of felonious delivery of cocaine but found defendant guilty of felonious sale of cocaine. The felonious sale of cocaine was not alleged as an underlying felony in the habitual felon indictment. Accordingly, defendant did not have sufficient notice of this particular charge against him.

We note that after his conviction of the charges in 88 CRS 60211, defendant pled guilty to the habitual felon indictment. However, G.S. 15A-1022(c) provides that "[t]he judge may not accept a plea of guilty or no contest without first determining that there

is a factual basis for the plea." Defendant was acquitted of each of the felonies charged in the habitual felon indictment. Here, because of the acquittals, the trial court should not have accepted defendant's plea. *See State v. Sinclair*, 301 N.C. 193, 270 S.E.2d 418 (1980).

[3] Defendant also contends that the trial court erred in denying his motion to dismiss the charge of sale of cocaine due to the insufficiency of the evidence. Defendant contends that the "evidence in [his] case at best would show a possible delivery of cocaine to Larry Dunlap but the evidence does not show the sale by the defendant to Officer Tolley." We disagree.

In order to survive defendant's motion to dismiss, the evidence must show two things: "(1) that defendant had knowledge [Dunlap] was buying or taking delivery of the cocaine for another person; and (2) that the person named in the indictment was that other person." *State v. Wall*, 96 N.C. App. 45, 50, 384 S.E.2d 581, 583 (1989).

Defendant's guilty knowledge may be shown by circumstantial evidence. In reviewing the denial of a motion to dismiss we examine the evidence in the light most favorable to the State to determine if there is substantial evidence of every essential element of the crime. Evidence is "substantial" if a reasonable person would consider it sufficient to support the conclusion that the essential element exists.

*Id.* "It is thoroughly established law in this State that, without regard to any previous confederation or design, when two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty." *State v. Kelly*, 243 N.C. 177, 180, 90 S.E.2d 241, 244 (1955).

Here there was substantial evidence that Dunlap was acting on behalf of another. There was testimony that Dunlap told Detective Tolley that he knew someone who would sell the detective some cocaine. Later, Dunlap crossed the street with Detective Tolley and held a conversation with defendant. Dunlap then approached Detective Tolley and asked for the money. Detective Tolley gave Dunlap the money who in turn gave the twenty dollar bill to defendant. Defendant then gave Dunlap a small plastic bag containing the controlled substance and Dunlap gave the bag to Officer Tolley. Here there was more than a scintilla of competent evidence to support the allegations in the bill of indictment and it was the court's duty to submit the case to the jury. *See State v. Kelly*,

243 N.C. 177, 180, 90 S.E.2d 241, 243. Accordingly, this assignment of error is overruled.

With respect to defendant's remaining assignments of error, our review of defendant's brief reveals that he has failed to comply with the mandatory provisions of Rule 28 of the Rules of Appellate Procedure. Rule 28(b)(5) provides that "[a]ssignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or *authority cited*, will be taken as abandoned." (Emphasis added.) Since defendant has failed to cite any authority in support of his remaining assignments of error, those assignments of error are deemed abandoned.

In summary, we arrest judgment in the twenty-year sentence given to defendant as an habitual felon and remand this case for entry of judgment and sentencing on convictions for the misdemeanor possession of cocaine and the felonious sale of cocaine.

As to case #89CRS20601, vacated.

As to case #88CRS60211, remanded.

Judges ARNOLD and PARKER concur.