STATE OF NORTH CAROLINA v. EARL LEE HAWKINS

No. 9214SC778

(Filed 6 July 1993)

**1. Appeal and Error §§ 75, 141 (NCI4th)— guilty plea—denial of appropriate relief—appealability**

The Court of Appeals was without jurisdiction to consider the merits of defendant's direct appeal from the original judgment where the judgment was entered upon defendant's guilty plea and none of the exceptions in N.C.G.S. § 15A-1444(e) are applicable. However, the trial court's denial of defendant's motion for appropriate relief is subject to appellate review pursuant to N.C.G.S. § 15A-1422(c)(1).

**Am Jur 2d, Appeal and Error § 271.**

**2. Criminal Law § 1283 (NCI4th)— habitual felon indictment—failure to allege current felonies**

An habitual felon indictment was invalid where it failed to allege any of the underlying substantive felonies with which defendant was currently charged.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21; Indictments and Informations § 197.**

**3. Indictment, Information, and Criminal Pleadings § 48 (NCI4th)— material defects in indictment—no waiver by guilty plea without motion or objection**

Defendant did not waive material defects in an habitual felon indictment by entering his plea of guilty without making a motion to quash or otherwise objecting to the indictment, and the trial court should not have accepted defendant's guilty plea to the defective indictment. N.C.G.S. § 15A-1022(c).

**Am Jur 2d, Indictments and Informations §§ 281, 299.**

**4. Criminal Law § 980 (NCI4th)— consolidation of convictions for judgment—arrest of judgment on one conviction—remand of other cases for proper judgment**

Judgment predicated upon defendant's plea of guilty to an invalid habitual felon indictment is arrested. However, where the habitual felon indictment was consolidated with the underlying substantive felonies for judgment, and no error appears

with regard to those felonies, the case must be remanded for proper judgment on the valid convictions even though those convictions would support the judgment entered.

**Am Jur 2d, Criminal Law § 524.**

Appeal by defendant from judgment entered 18 February 1992 and from order entered 2 April 1992 by Judge Henry W. Hight, Jr. in Durham County Superior Court. Heard in the Court of Appeals 22 March 1993.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Jacob L. Safron, for the State.*

*Public Defender Robert Brown, Jr. for defendant appellant.*

JOHN, Judge.

Defendant contends the trial court erred in sentencing him as an habitual felon because of an alleged defect in the habitual felon indictment. We agree.

Defendant was indicted on (1) four counts of felonious breaking and entering, (2) three counts of felonious larceny, and (3) one count of being an habitual felon. The habitual felon indictment properly alleged that defendant had been convicted of three previous counts of felonious breaking or entering, but failed to allege defendant was currently charged with either felonious breaking or entering or felonious larceny. The cases came on for trial at the 18 February 1992 session of court. After a jury was selected and impaneled, defendant withdrew his not guilty pleas and entered pleas of guilty to all charges including the habitual felon indictment. This was accomplished pursuant to a plea arrangement with the State whereby it was agreed that the cases were to be consolidated for judgment and defendant would receive a fourteen year active prison sentence "under the habitual offender statute." The trial court accepted the pleas and sentenced defendant in accordance with the agreement.

Three days later on 21 February 1992, defendant filed a motion for appropriate relief wherein he argued that the habitual felon indictment was defective because it "did not allege any underlying felonies" and failed "to state that the defendant was charged with separate felony charges for which the State sought to enhance the sentence of the defendant." By order entered 2 April 1992

STATE v. HAWKINS

[110 N.C. App. 837 (1993)]

the trial court denied this motion. On 7 April 1992 defendant filed notice of appeal from both the judgment and the order, and on 19 August 1992 filed a petition for writ of certiorari with this Court.

## I.

[1] We first determine whether this Court has jurisdiction to consider defendant's appeal. In relevant part, G.S. § 15A-1444(e) provides:

> Except as provided in subsection (a1) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty . . . has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty . . . to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari.

Because the trial court entered judgment upon defendant's guilty plea and none of the exceptions enumerated in G.S. § 15A-1444(e) are applicable, this Court is without jurisdiction to consider the merits of defendant's direct appeal from the original judgment. However, the trial court's denial of his motion for appropriate relief is subject to appellate review pursuant to G.S. § 15A-1422(c)(1). *See* G.S. §§ 15A-1444(f); 15A-1448(a)(2).

We note also that the sole argument contained in defendant's petition for writ of certiorari is that his motion for appropriate relief should have been granted. Since we consider herein the merits of that motion, we need not examine defendant's petition and it is hereby denied. *See Nobles v. First Carolina Communications Inc.*, 108 N.C.App. 127, 131, 423 S.E.2d 312, 314-315 (1992), *disc. review denied*, 333 N.C. 463, 427 S.E.2d 623 (1993).

## II.

[2] Defendant contends his motion for appropriate relief should have been granted because the habitual felon indictment failed to allege any of the underlying substantive felonies. An habitual felon indictment must meet the requirements of G.S. § 14-7.3 which provides in pertinent part:

> An indictment which charges a person who is an habitual felon within the meaning of G.S. 14-7.1 *with the commission of any felony . . . must . . . also charge that said person is an habitual felon.* The indictment charging the defendant

as an habitual felon shall be separate from the indictment charging him with the principal felony. An indictment which charges a person with being an habitual felon must set forth the date that prior felony offenses were committed, the name of the state or other sovereign against whom said felony offenses were committed, the dates that pleas of guilty were entered to or convictions returned in said felony offenses, and the identity of the court wherein said pleas or convictions took place.

G.S. § 14-7.3 (emphasis added). This procedure contemplates two indictments: one charging the underlying substantive felony, and another charging defendant as an habitual felon. *State v. Allen*, 292 N.C. 431, 433, 233 S.E.2d 585, 587 (1977). Both indictments must be disposed of in the same criminal proceeding. *Id.* at 433-434, 233 S.E.2d at 587.

Defendant's argument raises the following question: *to what extent does G.S. § 14-7.3 require that the substantive felony indictment and the habitual felon indictment cross-reference one another?* This problem has been examined in *State v. Todd*, 313 N.C. 110, 120, 326 S.E.2d 249, 255 (1985) (the substantive felony indictment need not refer to the defendant's status as an habitual felon); *State v. Sanders*, 95 N.C.App. 494, 504-505, 383 S.E.2d 409, 416, *disc. review denied*, 325 N.C. 712, 388 S.E.2d 470 (1989) (the substantive felony indictment need not refer to the defendant's status as an habitual felon); and *State v. Moore*, 102 N.C.App. 434, 402 S.E.2d 435 (1991).

In *State v. Moore*, defendant was indicted for three felonies (substantive felonies) and for being an habitual felon. The habitual felon indictment, however, referred to only two of the substantive felonies. At trial defendant (1) was convicted of *only the one substantive felony not referred to in the habitual felon indictment* and (2) thereafter pled guilty to being an habitual felon. *State v. Moore*, 102 N.C.App. at 438-439, 402 S.E.2d at 437. This Court held that it was error to sentence defendant as an habitual felon. "The felonious sale of cocaine was not alleged as [a substantive] felony in the habitual felon indictment. Accordingly, defendant did not have sufficient notice of this particular charge against him." *Id.* at 438, 402 S.E.2d at 437. Furthermore, this defect was not abrogated by defendant Moore's plea of guilty. *Id.* at 438-439, 402 S.E.2d at 437.

It is well settled that we are bound by prior decisions of this Court. *In the matter of Appeal from Civil Penalty*, 324 N.C. 373, 383-384, 379 S.E.2d 30, 36-37 (1989). Thus, in view of *State v. Moore*, we hold the trial court erred in denying defendant's motion for appropriate relief since the habitual felon indictment did not reference any of the underlying substantive felonies.

## III.

[3] Notwithstanding any deficiencies in the habitual felon indictment, the State argues the trial court correctly concluded in its order denying defendant's motion for appropriate relief that defendant's "failure to move to have the indictment as to habitual offender status quashed or otherwise dismissed constitutes a waiver of any such defect." We are compelled to rule otherwise.

A plea to an indictment *which sufficiently charges every essential element* of the offense waives mere irregularities. *State v. Stallings*, 4 N.C.App. 184, 187, 166 S.E.2d 464, 466 (1969); *see also* 17 Strong's N.C. Index 4th *Indictment, Information, and Criminal Pleadings* § 48 (1992). However, the general rule is that defects in an indictment "which are of such a fundamental character as to make the indictment wholly invalid, are not subject to waiver by the accused," 41 Am. Jur.2d, *Indictments and Informations*, § 299 (1968), and a plea of guilty does not preclude a defendant from claiming that the facts alleged in the indictment do not constitute a crime under the laws of this state. *State v. Harrington*, 15 N.C.App. 602, 603, 190 S.E.2d 280, 281 (1972). While an habitual felon indictment does not charge a crime, it does charge a status which subjects a defendant to enhanced punishment. *State v. Allen*, 292 N.C. 431, 435, 233 S.E.2d 585, 588 (1977). Therefore, this indictment must satisfy the same requirements as other criminal indictments and must allege the essential elements of habitual felon status. *See State v. Moore*, 102 N.C.App. 434, 438, 402 S.E.2d 435, 437 (1991). As previously discussed, the indictment charging defendant as an habitual felon failed in this regard.

G.S. § 15A-1022(c), moreover, provides that "[t]he judge may not accept a plea of guilty or no contest without first determining that there is a factual basis for the plea." In *State v. Moore*, this Court held that because (1) defendant Moore was acquitted of the substantive felony charges alleged in the habitual felon indictment and (2) this indictment did not allege the substantive felony of which Moore was convicted, "the trial court should not have ac-

cepted defendant's plea" of guilty to the habitual felon indictment in view of G.S. § 15A-1022(c). *State v. Moore*, 102 N.C.App. at 439, 402 S.E.2d at 437. The *State v. Moore* opinion contains no indication that any objection was raised or relief sought in the trial court, but rather that the validity of the habitual felon indictment was challenged only in the appeal to this Court.

In the case *sub judice*, factually very similar to *State v. Moore*, the habitual felon indictment failed to allege *any* of the underlying substantive felonies. Under *State v. Moore*, then, we are required to hold that the trial court should not have accepted defendant's guilty plea and, despite the lack of prior objection or motion, that defendant did not waive the material defects in the habitual felon indictment by his plea.

## IV.

[4] In view of our holding that it was error to deny defendant's motion for appropriate relief, there remains the question as to disposition of this matter. This question has, in part, been answered by our Supreme Court. It is proper to arrest judgment, *ex mero motu*, when it is apparent that no judgment could lawfully be entered because of some fatal defect appearing in the criminal charge (the information, warrant or indictment). *State v. Pakulski*, 326 N.C. 434, 439, 390 S.E.2d 129, 131-132 (1990). Where an indictment contains some fatal flaw, but nonetheless results in a conviction, the reviewing court must arrest the judgment. *State v. McGaha*, 306 N.C. 699, 702, 295 S.E.2d 449, 451 (1982). Accordingly, we arrest the judgment predicated upon defendant's plea of guilty to the habitual felon indictment.

The habitual felon indictment, however, was consolidated with the underlying substantive felonies for purposes of judgment. "Where two or more indictments or counts are consolidated for the purpose of judgment, and a single judgment is pronounced thereon, even though the plea of guilty or conviction on one is sufficient to support the judgment and the trial thereon is free from error, the award of a new trial on the other indictment(s) or count(s) requires that the cause be remanded for proper judgment on the valid count. 'Presumably this (the single judgment) was based upon consideration of guilt on both charges.'" *State v. Stonestreet*, 243 N.C. 28, 31, 89 S.E.2d 734, 737 (1955) (*quoting State v. Camel*, 230 N.C. 426, 428, 53 S.E.2d 313, 315 (1949)). We therefore remand for entry of proper judgment as regards those offenses wherein there ap-

## IRON STEAMER, LTD. v. TRINITY RESTAURANT

[110 N.C. App. 843 (1993)]

pears no error. *See State v. Pakulski*, 326 N.C. 434, 439-440, 390 S.E.2d 129, 132 (1990); *State v. Stonestreet*, 243 N.C. at 31, 89 S.E.2d at 737; *State v. Braxton*, 230 N.C. 312, 315, 52 S.E.2d 895, 898 (1949).

While not necessary for the resolution of defendant's appeal, in the interests of time and justice we note the State may elect upon remand to try defendant as an habitual felon upon a subsequent indictment proper in form, and in accordance with procedures approved in *State v. Allen*, 292 N.C. 431, 233 S.E.2d 585 (1977). When judgment is arrested due to some fatal flaw appearing on the face of the record, such as a substantive error in the indictment, the verdict is vacated and the State must seek a new indictment if it elects to proceed again. *State v. Pakulski*, 326 N.C. at 439, 390 S.E.2d at 132. " 'The granting of a motion in arrest of judgment does not operate as an acquittal but only places the defendant in the same situation in which he was before the prosecution was begun.' " *Id.* at 439, 390 S.E.2d at 132 (*quoting* 21 Am. Jur.2d *Criminal Law* § 524 (1981) ).

In summary, we hold:

As to 91CRS21116, judgment arrested.

As to 91CRS18593, 18594, 18796, 18797, remanded.

Judges COZORT and LEWIS concur.