STATE OF NORTH CAROLINA v. STEVE ALLEN CHEEK

No. 3PA94

(Filed 3 March 1995)

**Criminal Law § 1283 (NCI4th)— habitual felon indictment— predicate substantive offense—allegation not required**

An indictment against defendant as a habitual felon was not required by N.C.G.S. § 14-7.3 to refer specifically to the predicate substantive felony charge against defendant. Rather, the habitual felon indictment fully comported with the requirements of § 14-7.3 by setting forth the three prior felony convictions relied on by the State, the dates those offenses were committed, the name of the state against which they were committed, the dates defendant's guilty pleas for these offenses were entered, and the identity of the court wherein these convictions took place. The decisions of *State v. Moore*, 102 N.C. App. 434, and *State v. Hawkins*, 110 N.C. App. 837, are overruled to the extent that they hold that a habitual felon indictment must specifically reference the predicate substantive felony on which the defendant is also being tried.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.**

**Form and sufficiency of allegations as to time, place, or court of prior offenses or convictions, under habitual criminal act or statute enhancing punishment for repeated offenses. 80 ALR2 1196.**

Justice ORR did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of an unpublished opinion of the Court of Appeals, reported at 113 N.C. App. 203, 438 S.E.2d 759 (1993), arresting judgment on defendant's conviction as a habitual felon entered by Martin (Lester P.), J., at the

7 October 1991 Criminal Session of Superior Court, Guilford County, and remanding for entry of judgment on the conviction for possession of marijuana with intent to sell and deliver. Heard in the Supreme Court 10 January 1995.

*Michael F. Easley, Attorney General, by Jeffrey P. Gray and Patricia Bly Hall, Assistant Attorneys General, for the State-appellant and -appellee.*

*Frederick G. Lind, Assistant Public Defender, for defendant-appellant and -appellee.*

PARKER, Justice.

Defendant was indicted in two separate indictments for possession of marijuana with intent to sell and deliver and for being a habitual felon. Defendant was convicted of both charges in a two-step procedure pursuant to N.C.G.S. § 14-7.5. First, defendant was convicted of the predicate substantive felony of possession of marijuana with intent to sell and deliver. After his conviction on this charge, defendant moved to dismiss the habitual felon indictment on the ground that the indictment did not state the predicate substantive felony of possession of marijuana with intent to sell and deliver. This motion was denied by the trial court, and defendant was subsequently convicted as a habitual felon. The trial judge consolidated the convictions for sentencing, found the aggravating factor of an additional prior conviction, and sentenced defendant to a term of twenty years' imprisonment.

A unanimous panel of the Court of Appeals found no error in defendant's conviction for possession of marijuana with intent to sell and deliver but arrested judgment on defendant's conviction as a habitual felon. The Court of Appeals held that the indictment against defendant as a habitual felon was fatally defective because it failed to refer specifically to the predicate substantive charge against defendant for possession of marijuana with intent to sell and deliver. As a result of this holding, the Court of Appeals remanded defendant's conviction for possession of marijuana with intent to sell and deliver for entry of "proper judgment." The Court of Appeals also held that as a result of the remand, the substantive charge of possession with intent to sell and deliver marijuana had not been prosecuted to completion but remained pending so that a new habitual felon proceeding could attach. Both the State and defendant petitioned for discre-

STATE v. CHEEK

[339 N.C. 725 (1995)]

tionary review, and this Court allowed both petitions. We will first address the issues raised by the State.

The State first contends that the Court of Appeals erred in concluding that defendant's habitual felon indictment was fatally defective since it did not specifically refer to defendant's indictment for possession of marijuana with intent to sell and deliver. We agree with the State that a habitual felon indictment is not required to specifically refer to the predicate substantive felony and conclude that the Court of Appeals erred on this issue.

The Habitual Felons Act, N.C.G.S. §§ 14-7.1 to -7.6 (1993), provides for indictment as a habitual felon of a defendant who has been convicted of or pled guilty to three felony offenses. *State v. Allen*, 292 N.C. 431, 432-33, 233 S.E.2d 585, 587 (1977). "The effect of such a proceeding 'is to enhance the punishment of those found guilty of crime who are also shown to have been convicted of other crimes in the past.' " *Id.* at 435, 233 S.E.2d at 588 (quoting *Spencer v. Texas*, 385 U.S. 554, 556, 17 L. Ed. 2d 606, 609 (1967)). The Habitual Felons Act does not authorize an independent proceeding to determine defendant's status as a habitual felon separate from the prosecution of a predicate substantive felony, and the habitual felon indictment is necessarily ancillary to the indictment for the substantive felony. *Id.* at 434, 233 S.E.2d at 587.

N.C.G.S. § 14-7.3 sets forth the requirements for a habitual felon indictment and provides:

An indictment which charges a person who is an habitual felon within the meaning of G.S. 14-7.1 with the commission of any felony under the laws of the State of North Carolina must, in order to sustain a conviction of habitual felon, also charge that said person is an habitual felon. The indictment charging the defendant as an habitual felon shall be separate from the indictment charging him with the principal felony. An indictment which charges a person with being an habitual felon must set forth the date that prior felony offenses were committed, the name of the state or other sovereign against whom said felony offenses were committed, the dates that pleas of guilty were entered to or convictions returned in said felony offenses, and the identity of the court wherein said pleas or convictions took place. No defendant charged with being an habitual felon in a bill of indictment shall be required to go to trial on said charge within 20 days of the find-

ing of a true bill by the grand jury; provided, the defendant may waive this 20-day period.

N.C.G.S. § 14-7.3 (1993)[1]. This procedure contemplates two separate indictments, one for the predicate substantive felony and one for the ancillary habitual felon charge. *State v. Allen*, 292 N.C. at 433, 233 S.E.2d at 587. "One basic purpose behind [the] Habitual Felons Act is to provide notice to defendant that he is being prosecuted for some substantive felony as a recidivist." *Id.* at 436, 233 S.E.2d at 588.

The Court of Appeals relied on two of its prior cases to support its interpretation of the notice requirements of N.C.G.S. § 14-7.3. In *State v. Moore*, 102 N.C. App. 434, 402 S.E.2d 435 (1991), the Court of Appeals held that it was error to sentence the defendant as a habitual felon when the predicate substantive felony for which he was convicted was not specified in the habitual offender indictment, as the defendant did not have sufficient notice of that charge against him. In that case, two of three predicate substantive felonies were listed on the habitual offender indictment; and the defendant was convicted of only the third, unlisted felony. *Id.* at 438, 402 S.E.2d at 437. In *State v. Hawkins*, 110 N.C. App. 837, 431 S.E.2d 503, *disc. rev. dismissed,* 334 N.C. 624, 435 S.E.2d 345 (1993), the Court of Appeals relied on *Moore* to hold that the defendant's habitual offender indictment was fatally defective because it did not specifically refer to the predicate substantive felony.

Based on our reading of N.C.G.S. § 14-7.3, we conclude that a requirement that the habitual felon indictment specifically refer to the predicate substantive felony is not supported by the plain wording of the statute. "Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning." *Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990). Nothing in the plain wording of N.C.G.S. § 14-7.3 requires a specific reference to the predicate substantive felony in the habitual felon indictment. The statute requires that the State give defendant notice of the felonies on which it is relying to support the habitual felon charge; nowhere in the statute does it mention the predicate substantive felony or require it to be included in the indictment.

---

1. N.C.G.S. §§ 14-7.1 to -7.6, the Habitual Felons Act, were originally enacted in 1967. N.C.G.S. § 14-7.3, which sets forth the requirements for a habitual felon indictment, has not been amended since that time.

Defendant's misunderstanding of the notice required in a habitual felon indictment apparently stems from his reliance on *State v. Squire*, 292 N.C. 494, 234 S.E.2d 563, *cert. denied*, 434 U.S. 998, 54 L. Ed. 2d 493 (1977). In *Squire*, this Court held that an indictment must allege all the elements of the offense charged to provide defendant with sufficient notice to enable him to prepare an adequate defense. *Id.* at 506, 234 S.E.2d at 570. Defendant contends that it is necessary that he have notice of the predicate substantive felony to which the habitual felon indictment is ancillary so that he can defend himself against that particular charge.

However, a defendant charged as a habitual felon is not defending himself against the predicate substantive felony, but against a charge that he has at least three prior felony convictions. The trial for the substantive felony is held first, and only after defendant is convicted of the substantive felony is the habitual felon indictment revealed to and considered by the jury. N.C.G.S. § 14-7.5 (1993)[2]. N.C.G.S. § 14-7.3 requires the State to allege all the elements of the offense of being a habitual felon thereby providing a defendant with sufficient notice that he is being tried as a recidivist to enable him to prepare an adequate defense to that charge.

To the extent that *Moore* and *Hawkins* hold that a habitual felon indictment must specifically reference the predicate substantive felony on which defendant is also being tried, those cases are expressly overruled.

The State further contends that the Court of Appeals erred in arresting judgment on defendant's habitual felon conviction on the grounds that the habitual felon indictment was fatally defective. The habitual felon charge was consolidated with defendant's sentence on the predicate substantive felony; therefore, the Court of Appeals remanded that charge for an entry of "proper judgment." As we have found error in the basis on which the Court of Appeals found the habitual felon indictment defective, we agree with the State that the Court of Appeals erred in arresting judgment on the habitual felon charge and in remanding the substantive felony charge for entry of proper judgment.

Defendant's habitual felon indictment fully comports with the requirements of N.C.G.S. § 14-7.3 by setting forth the three prior felony convictions relied on by the State, the dates these offenses

---

2. N.C.G.S. § 14-7.5 was originally enacted in 1967 as part of the Habitual Felons Act and has not been amended since that time.

were committed, the name of the state against whom they were committed, the dates defendant's guilty pleas for these offenses were entered, and the identity of the court wherein these convictions took place. Since the indictment against defendant was not defective, the judgment against defendant as a habitual felon was proper and must be reinstated.

In light of our decision to reinstate the habitual felon judgment against defendant, it is unnecessary to address defendant's contentions that the Court of Appeals erred in holding that he could be reindicted as a habitual felon on remand.

For the foregoing reasons, we reverse the decision of the Court of Appeals and remand to that court for further remand to the Superior Court, Guilford County, for reinstatement of the judgments previously entered.

REVERSED AND REMANDED.

Justice ORR did not participate in the consideration or decision of this case.