TYSON, Judge.
Kenneth Conyers ("defendant") appeals from judgment entered after a jury found him to be guilty of possession of a firearm by a felon and having attained habitual felon status. We find no error.
I. Background
The State's evidence tended to show that around 9:00 p.m. on 14 June 2003, Lizzette Dominguez ("Dominguez") was washing her automobile at the Auto Sudz Car Wash in Concord, along with her brother, mother, and grandmother. Defendant walked toward the Dominguez family as they finished washing the automobile with a towel over his hand. Defendant exchanged greetings with Dominguez, opened the driver's side door of Dominguez's automobile, and satdown in the driver's seat. Dominguez asked defendant, "What are you doing? That's my car." Defendant stood up and revealed a gun in his hand. Defendant pointed the gun at Dominguez and said, "If you don't want to die, give me your keys." Dominguez started to walk toward defendant but she stopped when defendant pointed the gun toward her grandmother. Dominguez's grandmother described the gun as a "black pistol." Defendant again demanded the car keys and Dominguez threw them close to defendant. Defendant picked up the keys, re-entered the automobile, and drove off.
The next morning, Sergeant Chris Forehand ("Sergeant Forehand") of the Ayden Police Department stopped defendant for driving in excess of the posted twenty-five m.p.h. speed limit. Upon learning that the automobile had been reported stolen, Sergeant Forehand arrested defendant. On cross-examination, Sergeant Forehand testified that he did not find a weapon in the stolen vehicle.
Defendant testified on his own behalf and denied possessing a firearm when he took the automobile. On 16 December 2004, a jury found defendant to be guilty of possession of a firearm by a felon and of attaining habitual felon status. The trial court sentenced defendant as a Class C felon to 156 to 197 months imprisonment. Defendant appeals.
II. Issues
The issues on appeal are whether the trial court erred by: (1) sentencing defendant as a Class C felon; and (2) denying defendant's motion to dismiss the charge of possession of a firearmby a convicted felon.
III. Habitual Felon Status
Defendant first contends the trial court lacked jurisdiction to sentence him as an habitual felon because his habitual felon indictment failed to allege his date of birth or age when he allegedly committed the three predicate offenses. We disagree.
"N.C.G.S. § 14-7.3 requires the State to allege all the elements of the offense of being an habitual felon thereby providing a defendant with sufficient notice that he is being tried as a recidivist to enable him to prepare an adequate defense to that charge." State v. Cheek, 339 N.C. 725, 729, 453 S.E.2d 862, 864 (1995). The general requirements for an habitual felon indictment are set forth in N.C. Gen. Stat. § 14-7.3 (2003):
An indictment which charges a person with being an habitual felon must set forth the date that prior felony offenses were committed, the name of the state or other sovereign against whom said felony offenses were committed, the dates that pleas of guilty were entered to or convictions returned in said felony offenses, and the identity of the court wherein said pleas or convictions took place.
The bill of indictment alleging defendant's status as an habitual felon fully comports with N.C. Gen. Stat. § 14-7.3. All requirements of the statute were set out in the indictment. Contrary to defendant's assertion, an habitual felon indictment is not required to allege a defendant's age or date of birth. Defendant had sufficient prior notice that he would be tried as a recidivist. Because the indictment sufficiently stated all required statutory provisions and the jury returned a guilty verdict, the trial court possessed jurisdiction to sentence defendant as an habitual felon. This assignment of error is overruled.
IV. Motion to Dismiss
Defendant also contends the trial court erred by denying his motion to dismiss based on insufficiency of the evidence.
The standard of review for ruling on a motion to dismiss "is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." State v. Lynch, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990) (citation omitted). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. State v. Patterson, 335 N.C. 437, 449-50, 439 S.E.2d 578, 585 (1994).
A defendant is presumed to be innocent and the State must prove each element of the offense charged beyond a reasonable doubt. In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State. The State is entitled to all reasonable inferences which may be drawn from the evidence. State v. Davis, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998).
To prevail on the charge against defendant in this case, the State must present substantial evidence of the following: (1) the person has been convicted of a felony; and (2) the person purchases, owns, possesses, or has in his custody, care, or control, any handgun or any weapon of mass death and destruction as defined in G.S. 14-288.8(c). N.C. Gen. Stat. § 14-415.1(a) (2003).
In the case before us, defendant disputes whether the State presented substantial evidence tending to show he possessed a firearm the night he stole the automobile. To overcome defendant's motion, the State must have presented substantial evidence that defendant possessed a firearm the night he stole Dominguez's automobile. At trial, Dominguez testified as follows:
Q. You saw him with a gun?
A. Yes.
Q. Did the gun get pointed in any particular direction?
A. It was to me at first.
Dominguez's grandmother testified:
Q. Did he continue to point the gun at anyone?
A. (Interpreter) yes, because I got mad and I said, "I'll get him out of the car," and I took a few steps in his direction and then he pointed the gun at me and then I went back.
. . . .
Q. What did the gun look like?
A. (Interpreter) Well, I - I know about guns because my father has guns at the ranch and it was a black pistol.
Viewed in the light most favorable to the State, the evidence is sufficient for a jury to find defendant possessed a firearm when he stole Dominguez's automobile. This assignment of error is overruled.
V. Conclusion
The trial court did not err in sentencing defendant as an habitual felon. The indictment is not required to allege a defendant's date of birth or age at the time of the predicate felonies. The trial court did not err in denying defendant's motion to dismiss the charge of possession of a firearm by a felon. Sufficient evidence was presented from which the jury could find defendant possessed a firearm when he stole Dominguez's automobile. Defendant received a fair trial free from the errors he assigned and argued.
No error.
Judges McCULLOUGH and ELMORE concur.
Report per Rule 30(e).