STATE v. BRADLEY

[175 N.C. App. 234 (2005)]

STATE OF NORTH CAROLINA v. WILLIAM EARL BRADLEY

No. COA05-410

(Filed 20 December 2005)

**Sentencing— habitual felon—sufficiency of indictment**

The trial court erred in a possession with intent to sell and deliver cocaine case by sentencing defendant as an habitual felon based on the original charges and the 16 July 2004 drug offense, and the case is reversed and remanded for resentencing, because: (1) where a felony guilty plea and admission to habitual felon status are adjudicated and sentencing is continued on the same until a later date, a subsequent felony charge must be accompanied by a new habitual felon indictment or bill of information to comport with the statutory requirements of N.C.G.S. § 14-7.3; and (2) defendant's guilty pleas on the original charges were adjudicated but the actual entry of judgment continued until some later date, the State had not obtained a new habitual felon indictment as required by N.C.G.S. § 14-7.3, and defendant had not agreed to waive the same and admit his status pursuant to a bill of information.

Appeal by defendant from judgments entered 5 August 2004 by Judge W. Russell Duke, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 3 November 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Constance E. Widenhouse, for defendant.*

LEVINSON, Judge.

Where a felony guilty plea and admission to habitual felon status are adjudicated, and sentencing continued on the same until a later date, a subsequent felony charge must be accompanied by a new habitual felony indictment or bill of information to comport with the statutory requirements of N.C. Gen. Stat. § 14-7.3 (2003).

Defendant was indicted for the offenses of possession with intent to sell and deliver cocaine and possession of drug paraphernalia in September 2001. He was indicted again in January 2003 for possession with intent to sell and deliver cocaine, and for maintaining a

·motor vehicle for the purpose of keeping and/or selling cocaine. Thereafter, defendant entered into a plea agreement with the State. Consistent with that agreement, defendant pled guilty to two counts of possession of cocaine, and admitted his habitual felon status pursuant to two bills of information.[1] Defendant entered his plea before the trial court on 11 February 2004, and the trial court adjudicated the same. Rather than enter judgment, however, sentencing was continued until 6 April 2004. Defendant did not remain in custody following his guilty pleas.

Defendant failed to appear in court for sentencing, and an order for his arrest was issued. He was arrested on 16 July 2004. New charges for possession with intent to sell and deliver cocaine, possession of drug paraphernalia, and possession of lottery tickets arose out of events occurring 16 July 2004.

Defendant next appeared before the trial court 5 August 2004, when he entered into a second plea agreement with the State. Consistent with this agreement, defendant pled guilty to the new charge of possession with intent to sell and deliver cocaine. Although defendant, in his transcript of plea, "agree[d] to be sentenced as an habitual felon", the State had not obtained a new habitual felon indictment or drawn an additional bill of information alleging defendant's status as an habitual felon.

The trial court sentenced defendant as an habitual felon on the original charges and the 16 July 2004 drug offense. Defendant appeals.

Defendant argues that the trial court lacked the authority to sentence him as an habitual felon for the 16 July 2004 felony offense because the State had not obtained a new habitual felon indictment, and defendant had not agreed to waive the same and admit his status pursuant to a bill of information.[2] We agree.

N.C. Gen. Stat. § 14-7.3 (2003) states, in relevant part:

[a]n indictment which charges a person who is an habitual felon within the meaning of G.S. 14-7.1 with the commission of any

---

1. The transcript of plea states that defendant was entering pleas to two bills of information alleging he was an habitual felon, one alleging a date of offense of 24 September 2001 and the other alleging a date of offense of 28 January 2003. These dates correspond with the dates of offense for defendant's 11 February 2004 pleas to two counts of possession of cocaine.

2. Defendant argues that the trial court lacked the statutory authority to sentence him as an habitual felon; he does not assert that any of his constitutional rights were violated.

felony under the laws of the State of North Carolina must, in order to sustain a conviction of habitual felon, also charge that said person is an habitual felon.

The habitual felon indictment must be separate from the principal felony indictment. G.S. § 14-7.3; *State v. Allen*, 292 N.C. 431, 433, 233 S.E.2d 585, 587 (1977). Our Supreme Court has stated that G.S. § 14-7.3 "requires that the State give defendant notice of the felonies on which it is relying to support the habitual felon charge[.]" *State v. Cheek*, 339 N.C. 725, 728, 453 S.E.2d 862, 864 (1995). The statute "requires the State to allege all the elements of the offense of being a[n] habitual felon thereby providing a defendant with sufficient notice that he is being tried as a recidivist to enable him to prepare an adequate defense to that charge." *Id.* at 729, 453 S.E.2d at 864.

" 'It is settled law in this State that a plea of guilty, freely, understandingly, and voluntarily entered, is equivalent to a conviction of the offense charged.' " *State v. Sidberry*, 337 N.C. 779, 782, 448 S.E.2d 798, 800 (1994) (quoting *State v. Watkins*, 283 N.C. 17, 27, 194 S.E.2d 800, 808 (1973)). A formal entry of judgment is not required in order to have a conviction. *State v. Hatcher*, 136 N.C. App. 524, 527, 524 S.E.2d 815, 817 (2000) (citing *State v. Fuller*, 48 N.C. App. 418, 268 S.E.2d 879 (1980)) (interpreting N.C. Gen. Stat. § 15A-1331(b)).

The State did not obtain an indictment charging defendant with being an habitual felon that was ancillary to the 16 July 2004 felony drug offense. Therefore, the State did not satisfy the requirements of G.S. § 14-7.3 that there be an indictment ancillary to the predicate substantive felony. Although the State previously charged defendant with being an habitual felon by virtue of the bills of information accompanying the original charges, defendant had already been convicted of the substantive felonies associated with these bills of information. Had defendant already been sentenced on the original charges, there would be little question that the State would have been required to obtain a new habitual felon indictment ancillary to the 16 July 2004 felony offense. We conclude the same result issues here, where the accused's guilty pleas were adjudicated, but the actual entry of judgment continued until some later date.

Because defendant had already been convicted of the predicate felonies that accompanied his earlier habitual felon bills of information, the court lacked the authority to sentence him as an habitual felon for the 16 July 2004 substantive felony offense in the absence of a new charging instrument for habitual felon status.

Reversed and remanded for proceedings not inconsistent with this opinion.

Judges McCULLOUGH and ELMORE concur.