**STATE v. HOSKINS**

[225 N.C. App. 177 (2013)]

STATE OF NORTH CAROLINA
v.
ARCHIE EDWARD HOSKINS

No. COA12-799

Filed 15 January 2013

**1. Sentencing—habitual felon—three prior felonies—sufficient evidence**

The trial court did not err by denying defendant's motion to dismiss a habitual felon charge. The State introduced evidence of defendant's convictions on two felonies during the habitual felon phase and evidence of a third felony, a first-degree sexual offense conviction, during the trial for failing to register as a sex offender, the principal offense. There is no need to reintroduce evidence presented during the trial for the principal offense at the habitual felon hearing.

**2. Sentencing—habitual felon—jury instructions—sufficient evidence**

The trial court did not commit plain error in its jury instructions regarding a habitual felon charge as there was sufficient evidence to support the instructions.

Appeal by Defendant from judgment entered 23 February 2012 by Judge Hugh B. Lewis in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 November 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Lauren D. Tally, for the State.*

*Charlotte Gail Blake for Defendant.*

HUNTER, JR., Robert N., Judge.

Archie Edward Hoskins ("Defendant") appeals from a jury verdict finding him guilty of attaining habitual felon status. Defendant argues that his motion to dismiss the habitual felon charge should have been granted because the State presented evidence of only two qualifying felonies. We disagree and find no error.

**I. Factual & Procedural Background**

On 14 March 2011, Defendant was indicted for failing to register as a sexual offender. On 16 May 2011, Defendant was indicted for

attaining habitual felon status. On 23 February 2012, a jury convicted Defendant of both charges in Mecklenburg County Superior Court, the Honorable Hugh B. Lewis presiding. Defendant was sentenced to 96-125 months imprisonment.

Habitual felon charges are tried under a procedure contained in N.C. Gen. Stat. § 14-7.5. An initial trial is conducted to determine the guilt of a defendant on a felony indictment ("the principal offense"). During the trial on the principal offense, the defendant's potential status as an habitual felon on the basis of prior convictions is not brought to the attention of the jury in considering the principal offense. N.C. Gen. Stat. § 14-7.5 (2011). If the defendant is convicted on the principal offense, then the court begins the "habitual felon" phase of the trial and the same jury determines whether the defendant has attained the status of an habitual felon.

During Defendant's trial for failing to register as a sex offender, the State introduced evidence of Defendant's conviction in 1987 for first-degree sexual offense. On cross-examination, Defendant admitted having been convicted of first-degree sexual offense in 1987.

During the habitual felon phase of the trial, the State introduced evidence of Defendant's convictions for two additional felonies: a 1972 breaking and entering conviction and a 1978 kidnapping conviction. Defendant made a motion to dismiss the habitual felon charge on the basis that the State had only presented evidence of two felonies, while three felonies were required to find Defendant guilty of attaining habitual felon status. The State, however, argued that evidence of a third felony, the 1987 conviction, had been introduced during the trial for the principal offense, failing to register as a sex offender. The State argued that the habitual felon phase was not an independent proceeding and thus the evidence of the 1987 offense presented at the trial for failing to register satisfied the State's burden of presenting evidence of a third felony. The trial court agreed with the State and denied Defendant's motion to dismiss. Defendant entered oral notice of appeal following his convictions.

## II. Jurisdiction and Standard of Review

As Defendant appeals from the final judgment of a superior court, an appeal lies of right with this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2011).

"This Court reviews the trial court's denial of a motion to dismiss *de novo.*" *State v. Smith,* 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

" 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' " *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)).

Defendant also argues that the jury instructions, which were not objected to at trial, were in error. "In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C. R. App. P. 10(a)(4); *see also State v. Goss*, 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007). The North Carolina Supreme Court "has elected to review unpreserved issues for plain error when they involve either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of evidence." *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996).

Plain error arises when the error is " 'so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]' " *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir.). "Under the plain error rule, [a] defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).

## III. Analysis

**[1]** Defendant argues that at the habitual felon hearing the State introduced evidence of only two of three felonies required to convict him of attaining habitual felon status, and that therefore his motion to dismiss should have been granted. We disagree.

"It is . . . clear that the proceeding by which the state seeks to establish that defendant is an habitual felon is necessarily ancillary to a pending prosecution for the 'principal,' or substantive, felony." *State v. Allen*, 292 N.C. 431, 433-34, 233 S.E.2d 585, 587 (1977). Habitual felon status is not a crime in and of itself but is a status which may lead to increased punishment for the principal offense. *Id.* at 435, 233 S.E.2d at 588.

Because of the ancillary nature of the habitual felon phase, our Supreme Court held that there is no need to re-empanel the jury to consider the habitual felon charge following the trial for the principal felony. *State v. Todd*, 313 N.C. 110, 120, 326 S.E.2d 249, 255 (1985). "[A] defendant's 'trial' on the issue of whether defendant should be sentenced as an habitual offender [is] analogous to the separate sentencing hearing conducted under N.C.G.S. § 15A-2000 [(capital punishment)]." *Id.* Since the capital punishment statute does not require the jury to be re-empaneled for the sentencing hearing, likewise, the jury does not need to be re-empaneled for an habitual felon hearing. *Id.*

As our Supreme Court has found the habitual felon hearing analogous to a capital felony sentencing hearing, we turn to the capital punishment statutes regarding evidence. During the separate sentencing hearing for a capital felony, there is no requirement to resubmit evidence from the guilt phase. N.C. Gen. Stat. § 15A-2000(a)(3) (2011). This is consistent with the principle that the sentencing hearing is not a separate proceeding, but is ancillary to the trial for the principal offense.

Likewise, the hearing to determine whether Defendant attained the status of an habitual felon is ancillary to the trial for the principal offense. There is therefore no need to reintroduce evidence presented during the trial for the principal offense at the habitual felon hearing. The evidence presented during the trial for the principal offense can be used to prove the habitual felon charge.

In order to be convicted of attaining habitual felon status, a defendant must have been convicted of or pled guilty to three felony offenses. N.C. Gen. Stat. § 14-7.1 (2011).

In the present case, the State introduced evidence of Defendant's convictions on two felonies during the habitual felon phase. The State had previously introduced evidence of a third felony, the first-degree sexual offense conviction from 1987, during the trial for failing to register as a sex offender, the principal offense. Because there was no need to reintroduce evidence from the hearing for the principal offense, the introduction of these three felonies was enough for the jury to decide that Defendant had attained the status of an habitual felon.

Defendant expresses concern that given the number of misdemeanors and felonies referenced in the trial for the principal offense, the jury "could have no idea . . . that the State was relying on" the 1987

conviction as the third required felony. However, the State laid out in its opening arguments for the habitual felon phase which three felonies it was relying on, including the 1987 conviction, and again referenced the 1987 conviction in closing arguments. There was no question to the jury which felonies the State was relying on.

[2] Defendant also requests plain error review regarding the jury instructions, which included references to the three felonies alleged by the State. Defendant argues that these instructions were not supported by the evidence for the same reasons he argues his motion to dismiss should have been granted. For the reasons stated above, we find sufficient evidence to support the jury instructions.

## IV. Conclusion

For the foregoing reasons we find

NO ERROR.

Judges HUNTER, Robert C. and CALABRIA concur.