STATE OF NORTH CAROLINA v. KENNETH WAYNE VAUGHN

No. COA97-1177

(Filed 4 August 1998)

**1. Crimes, Other— possession of stolen property—sufficiency of evidence—grounds to believe car stolen**

The trial court did not err by not dismissing a charge of possession of stolen goods for insufficient evidence that defendant knew or had reasonable grounds to believe that the car in which he was found had been stolen where he was found sleeping in the stolen car with the key in the ignition, the car was strewn with items not belonging to the car's owner, and he lied about his name and falsely stated that the car belonged to a friend.

**2. Sentencing—prior record level**

The trial court erred when sentencing defendant for possession of a stolen car by treating a 1984 conviction of breaking and entering as a Class C conviction where defendant was also found in 1984 to be an habitual felon and was therefore sentenced as a Class C rather than Class H felon. When N.C.G.S. § 15A-1340.14 uses the term "prior felony conviction," it refers only to a prior adjudication of the defendant's guilt or to a prior entry of a plea of guilty or no contest by the defendant; the term "prior felony conviction" does not refer to the sentence imposed for committing the prior felony. Defendant's contemporaneous conviction of being an habitual felon did not reclassify the offense of breaking and entering as a Class C felony and was not therefore a "prior felony Class C conviction" for this sentencing determination.

Appeal by defendant from judgment entered 20 March 1997 by Judge W. Osmond Smith, III in Guilford County Superior Court. Heard in the Court of Appeals 11 May 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General H. Alan Pell, for the State.*

*Assistant Public Defender Delton L. Green for defendant-appellant.*

LEWIS, Judge.

On 5 June 1996, Carla Lynn Hardy returned from work and parked her red 1993 Mazda Protégé in front of her apartment in Greensboro.

The car was worth approximately $9,000.00. The next morning, it was gone. Hardy reported the car as stolen. She recalled that several days earlier, when her brother was working on the car, she had left a spare ignition key in the glove compartment.

On 6 June 1996, Officer R.B. Edwards of the Greensboro Police Department was working off-duty as a uniformed security officer for the Carolina Circle Mall. About 7:30 that evening, an employee of the Dillard's department store at the mall directed Officer Edwards' attention to a red Mazda Protégé. The Mazda was parked outside Dillard's, which had closed at 7:00 p.m. Defendant was sitting in the front seat.

Officer Edwards roused defendant, who was apparently asleep, and asked him to step outside the car. Officer Edwards testified that defendant said his name was "Albert Kinney" or "Curtis Albert Kinney." Defendant also said that the vehicle belonged to his friend or girlfriend. Officer Edwards ran a license check on the Mazda, and when he was notified that the car was stolen he asked the police department to dispatch an on-duty police officer to the scene. He then handcuffed defendant.

A few minutes later, on-duty Officer M.J. Fratterigo arrived. Officer Fratterigo confirmed that the vehicle was stolen and placed defendant under arrest for possession of a stolen vehicle. Defendant told Officer Fratterigo his name was "Curtis Albert Kinney." When Officer Fratterigo searched the car, he found a key in the ignition and several other items including coins and dollar bills, a radio/tape player, tapes in tape cases, a purple backpack, a box containing jewelry, and assorted men's clothing. None of these items belonged to the owner of the Mazda, Ms. Hardy. In fact, several items that Hardy *had* left in the car were later found in a dumpster. Hardy testified that she did not know defendant and had never given him permission to use her Mazda.

Defendant was convicted of possession of stolen goods, a Class H felony, in violation of N.C. Gen. Stat. § 14-71.1 (1993). Defendant was also found to be an habitual felon at the time he possessed the stolen Mazda. *See* N.C. Gen. Stat. § 14-7.1 (1993). He was sentenced as a Class C, Level V felon.

[1] Defendant raises two issues on appeal. First, he argues that the trial court should have dismissed his case because there was insufficient evidence that he knew or had reasonable grounds to believe

that the car in which he was found had been stolen. *See* N.C. Gen. Stat. § 14-71.1 (1993) (listing as an essential element of possession of stolen goods knowledge or reasonable grounds to know that the goods were stolen). We disagree. Defendant was found sleeping in a stolen car with a key in the ignition. The car was strewn with items not belonging to the car's owner. When questioned by the police, defendant lied about his name and falsely stated that the car belonged to a friend of his. Under these circumstances, defendant's conduct was sufficiently incriminating to support a finding that he knew or had reasonable grounds to believe that the car was stolen. *See State v. Parker*, 316 N.C. 295, 303-04, 341 S.E.2d 555, 560 (1986); *State v. Wilson*, 106 N.C. App. 342, 347-48, 416 S.E.2d 603, 606 (1992).

[2] Defendant's second assignment of error pertains to the trial court's determination of his sentence. As noted above, defendant was convicted of violating G.S. 14-71.1, a Class H felony. He was also found to be an habitual felon, *see* N.C. Gen. Stat. § 14-7.1 (1993), at the time he violated G.S. 14-71.1 in 1996. Defendant's punishment was then determined in accordance with N.C. Gen. Stat. § 14-7.6 (Cum. Supp. 1997), which reads,

> **When an habitual felon** as defined in this Article **commits any felony under the laws of the State of North Carolina, the felon must, upon conviction or plea of guilty under indictment as provided in this Article** (except where the felon has been sentenced as a Class A, B1, or B2 felon) **be sentenced as a Class C felon.** In determining the prior record level, convictions used to establish a person's status as an habitual felon shall not be used. Sentences imposed under this Article shall run consecutively with and shall commence at the expiration of any sentence being served by the person sentenced under this section.

(emphasis added). In this case, the trial court correctly sentenced defendant as a Class C felon.

Defendant disagrees with the trial court's determination of his prior record level. The State presented evidence that in 1984, in case number 84 CRS 18181, defendant was convicted of felonious breaking and entering. In an ancillary proceeding, defendant was also convicted of being an habitual felon. Under the statutes then in effect, felonious breaking and entering was classified as a Class H felony, N.C. Gen. Stat. § 14-54(a) (1981), and the jury's finding that defendant

was an habitual felon at the time of the offense required that he be "sentenced as a Class C felon," N.C. Gen. Stat. § 14-7.6 (1981).

When it calculated defendant's prior record level, the trial court treated defendant's 1984 conviction of breaking and entering not as a Class H conviction but as a Class C conviction. Defendant's total "points" for prior offenses thus totaled 16, and his prior record level was determined to be Level V. *See* N.C. Gen. Stat. § 15A-1340.14(c)(5) (1997). Defendant argues that his 1984 conviction of breaking and entering should have been treated as a Class H conviction, not a Class C conviction, and that his prior record level is therefore Level IV. *See* N.C. Gen. Stat. § 15A-1340.14(c)(4) (1997).

This case requires us to interpret the term "prior felony Class C conviction" as it is used in section 15A-1340.14 of the Criminal Procedure Act. That statute provides that a felony offender's prior record level is to be determined "by calculating the sum of the points assigned to each of the offender's prior convictions." N.C. Gen. Stat. § 15A-1340.14(a) (1997). Subsection (b) discusses "Points":

(b) . . . Points are assigned as follows:

(1) For each prior felony Class A conviction, 10 points.

(1a) For each prior felony Class B1 conviction, 9 points.

(2) For each prior felony Class B2, C, or D conviction, 6 points.

(3) For each prior felony Class E, F, or G conviction, 4 points.

(4) For each prior felony Class H or I conviction, 2 points.

(5) For each prior Class A1 or Class 1 misdemeanor conviction or prior impaired driving conviction under G.S. 20-138.1, 1 point . . . .

. . . .

Subsection (c) lists the six prior record levels (I through VI) and their corresponding point totals; Level IV is defined as "[a]t least 9, but not more than 14 points," while Level V is "[a]t least 15, but not more than 18 points." Subsection (c) further states, "In determining the prior record level, the classification of a prior offense is the classification assigned to that offense at the time the offense for which the offender is being sentenced is committed."

STATE v. VAUGHN

[130 N.C. App. 456 (1998)]

The issue is whether defendant's conviction of felonious breaking and entering in 1984 is a "prior felony Class . . . C . . . conviction." Before answering that question, we note that defendant's 1984 conviction of being an habitual felon at the time he committed the crime of breaking and entering is not a "prior felony Class C conviction." Being an habitual felon is not a felony. It is, rather, "a status the attaining of which subjects a person thereafter convicted of a crime to an increased punishment for that crime. The status itself, standing alone, will not support a criminal sentence." *State v. Allen*, 292 N.C. 431, 435, 233 S.E.2d 585, 588 (1977).

Two sections of the Criminal Procedure Act guide our analysis. The first, N.C. Gen. Stat. § 15A-1340.11(7) (1997), states in relevant part that "[a] person has a prior conviction when, on the date a criminal judgment is entered, the person being sentenced has previously been convicted of a crime . . . [i]n the superior court." The second, N.C. Gen. Stat. § 15A-1331(b) (1997), provides, "For the purpose of imposing sentence, a person has been convicted when he has been adjudged guilty or has entered a plea of guilty or no contest." This latter statute plainly treats the imposition of a criminal sentence as distinct from a criminal conviction. As set forth in section 15A-1331(b), the term "conviction" refers only to the adjudication of guilt or the entry of a plea of guilty or no contest. The term "conviction" does not refer to sentencing.

Accordingly, when section 15A-1340.14 uses the term "prior felony conviction," it refers only to a prior adjudication of the defendant's guilt or to a prior entry of a plea of guilty or no contest by the defendant. The term "prior felony conviction" does *not* refer to the sentence imposed for committing the prior felony. *See* N.C. Gen. Stat. § 15A-1331(b) (1997).

In this case, when defendant was convicted of felonious breaking and entering in 1984, he was convicted of a Class H felony. N.C. Gen. Stat. § 14-54(a) (1981). His contemporaneous conviction of being an habitual felon did not reclassify the offense of breaking and entering as a Class C felony. Rather, the habitual felon conviction required that defendant be "*sentenced as* a Class C felon." N.C. Gen. Stat. § 14-7.6 (1981) (emphasis added).

Defendant's 1984 conviction of breaking and entering was not, therefore, a "prior felony Class C conviction." It was a prior felony Class H conviction. The trial court erred by assigning six

points to the 1984 conviction rather than two. *See* N.C. Gen. Stat. § 15A-1340.14(b)(4) (1997).

No error in the trial; remanded for resentencing.

Judges MARTIN, John C. and SMITH concur.