TYSON, Judge.
 

 Christina Renee Allen ("Defendant") appeals from judgment entered after she pled guilty to felony failure to appear and misdemeanor obtaining a controlled substance by fraud. We remand for correction of the clerical error in the original written order to reflect Defendant's plea agreement. We vacate the modified order as it concerns the error contained within the original written order.
 

 I. Factual Background
 

 On 9 July 2012, Defendant was indicted on one felony count of obtaining a controlled substance by fraud. She failed to appear in court as scheduled on 10 September 2012 and was arrested approximately two years later.
 

 On 11 August 2015, Defendant pled guilty pursuant to a plea agreement to one count of misdemeanor obtaining a controlled substance by fraud and one count of felonious failure to appear. The plea agreement provided:
 

 The State agrees to a
 
 community punishment
 
 . The defendant shall be placed on supervised probation, the length of which will be determined by the Court. The defendant shall submit to a period or periods of confinement in the local confinement facility pursuant to N.C.G.S. 15A-1343(a1)(3), with the scheduling of said periods of confinement to be in the discretion of the probation officer. All other terms and conditions of probation shall be in the discretion of the Court.
 

 (emphasis supplied).
 

 At the beginning of the hearing, the trial court restated that "the plea arrangement is that [Defendant] will plead to community punishment" and asked the prosecutor to "educate [the court] a little bit" on the requirements under N.C. Gen. Stat. § 15A-1343(a1)(3) and the role of the probation officer. At that point, the prosecutor stated
 that the statute allows "a period or periods of confinement in a local confinement
 facility for a total of no more than six days per month during any three separate months during the period of probation" and that "the six days per month confinement provided for in this subdivision may only be imposed as two- or three-day consecutive periods."
 

 Later during the hearing, Defendant stipulated to the factual basis supporting her plea agreement and to the contents of the sentencing worksheet. After the facts supporting the plea agreement were summarized, the trial court again reiterated the requirements of jail confinement under "community punishment" to ensure its understanding. The trial court stated, "I know the Court can in a community or intermediate punishment order jail confinement ... to two or three days, no more than six days per month for any three separate months."
 

 The trial court then asked the prosecutor "to educate [the court] again" and requested clarification regarding the prosecution's request for periods of confinement. The prosecutor requested specific periods of confinement "to be imposed at the discretion of the probation officer," which was consistent with the plea agreement. Defendant's counsel further requested that the confinement be "no more than a couple weekends in this particular situation."
 

 The trial court accepted Defendant's plea agreement and sentenced Defendant to "
 
 community punishment
 
 of between 6 and 17 months and the defendant will serve ten days in the local jail at the discretion of the probation officer within the next 60 days." (emphasis supplied). However, when the trial court's AOC-CR-603C form order was reduced to writing, Defendant's ten-day sentence was included on page two as "Special Probation- G.S. 15A-1351" under "Intermediate Punishments." It was not included under "Community and Intermediate Probation Conditions- G.S. 15A-1343(a1)." This occurred despite the fact that at the top of page one of the form, the court indicated that it was sentencing Defendant to "community" punishment. The written order was filed 11 August 2015. Defendant filed her notice of appeal on 20 August 2015.
 

 Pursuant to the original written order's inclusion of "intermediate punishment," Judge Marvin P. Pope, Jr. signed a modified order requiring Defendant serve her ten-day sentence from 1 September 2015 to 10 September 2015. Like the original written order, the modified order indicated that it was modifying "Special Probation- G.S. 15A-1344(e)" under the "Intermediate Punishments-Contempt" section of the form.
 

 Although the modified order was signed the same day as Defendant had filed notice of her appeal, it was not filed until 28 August 2015. The record does not indicate whether the courtroom clerk made any
 notation of the rendering of the trial court's modified order in the court minutes kept for 20 August 2015.
 

 Along with her brief, Defendant contemporaneously filed a Motion for Appropriate Relief and requested this Court to vacate the modified order based on the trial court's lack of subject matter jurisdiction to enter the modified order.
 

 II. Issues
 

 Defendant alleges the trial court erred in the original written order by sentencing Defendant to intermediate punishment in contravention of the accepted plea agreement. Defendant also argues the trial court lacked subject matter jurisdiction to enter the modified order after her appeal had been entered. She has filed a Motion for Appropriate Relief requesting that the modified order be vacated on that ground.
 

 III. Standard of Review
 

 "In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute."
 
 State v. Pimental
 
 ,
 
 153 N.C.App. 69
 
 , 72,
 
 568 S.E.2d 867
 
 , 869,
 
 disc. review denied
 
 ,
 
 356 N.C. 442
 
 ,
 
 573 S.E.2d 163
 
 (2002). N.C. Gen. Stat. § 15A-1444 (2015) governs a defendant's right to appeal from judgment entered upon a guilty plea and limits it to specific circumstances. This includes when a sentence "[c]ontains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen. Stat. § 15A-1444(a2)(2) (2015).
 

 Generally, "[w]hen a defendant assigns error to the sentence imposed by the trial court our standard of review is whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing."
 
 State v. Chivers
 
 ,
 
 180 N.C.App. 275
 
 , 278,
 
 636 S.E.2d 590
 
 , 593 (2006) (internal quotation and citation omitted),
 
 disc. review denied
 
 ,
 
 361 N.C. 222
 
 ,
 
 642 S.E.2d 709
 
 (2007) ;
 
 see
 
 N.C. Gen. Stat. § 15A-1444(a1)(2015). When this Court is confronted with statutory errors regarding sentencing issues, such errors "are questions of law, and as such, are reviewed
 
 de novo
 
 ."
 
 State v. Mackey
 
 ,
 
 209 N.C.App. 116
 
 , 120,
 
 708 S.E.2d 719
 
 , 721 (2011) (citations omitted).
 

 If the alleged sentencing error is only clerical in nature, "it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth."
 
 State v. Smith
 
 ,
 
 188 N.C.App. 842
 
 , 845,
 
 656 S.E.2d 695
 
 , 696-97 (2008) (internal quotations and citation omitted). Rule 60 of the North Carolina Rules of Civil Procedure provides:
 

 Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate division, and thereafter while the appeal is pending may be so corrected with leave of the appellate division.
 

 N.C. Gen. Stat. § 1A-1, Rule 60(a) (2015). A clerical error is defined as, "[a]n error resulting from a minor mistake or inadvertence, esp[ecially] in writing or copying something on the record, and not from judicial reasoning or determination."
 
 State v. Jarman,
 

 140 N.C.App. 198
 
 , 202,
 
 535 S.E.2d 875
 
 , 878 (2000) (quotation marks and citation omitted).
 

 IV. Original Written Order
 

 "It is the responsibility of the trial judge to accept or reject a tendered plea negotiated between the district attorney and defendant."
 
 In re Fuller
 
 ,
 
 345 N.C. 157
 
 , 160,
 
 478 S.E.2d 641
 
 , 643 (1996) ;
 
 see
 

 State v. Collins
 
 ,
 
 300 N.C. 142
 
 , 149,
 
 265 S.E.2d 172
 
 , 176 (1980) (holding a plea agreement involving a recommended sentence must be approved by the trial judge before it becomes effective). "Before accepting a plea pursuant to a plea arrangement in which the prosecutor has agreed to recommend a particular sentence, the judge must advise the parties whether he approves the arrangement and will dispose of the case accordingly." N.C. Gen. Stat. § 15A-1023(b) (2015).
 

 In 2011, the General Assembly created new "community punishment" conditions a trial court may order during sentencing.
 
 See
 
 N.C. Gen. Stat. § 15A-1343(a1) (2015). Community punishment is defined by statute as "[a] sentence in a criminal case that does not include an active punishment or assignment to a drug treatment court, or special probation as defined in G.S. 15A-1351(a). It may include any one or more of the conditions set forth in G.S. 15A-1343(a1)." N.C. Gen. Stat. § 15A-1340.11(2). One such condition is:
 

 Submission to a period or periods of confinement in a local confinement facility for a total of no more than six days per month during any three separate months during the period of probation. The six days per month confinement provided for in this subdivision may only be imposed as two-day or three-day consecutive periods. When a defendant is on probation for multiple judgments, confinement
 periods imposed under this subdivision shall run concurrently and may total no more than six days per month.
 

 N.C. Gen. Stat. § 15A-1343(a1)(3) (2015).
 

 Here, the trial court accepted Defendant's plea agreement in which the parties had agreed to "community punishment," including a period or periods of confinement pursuant to N.C. Gen. Stat. § 15A-1343(a1)(3). Based upon the agreement, the trial court required Defendant to "serve ten days in the local jail at the discretion of the probation officer within the next 60 days." Although this ten-day sentence could have been served pursuant to the requirements of "community punishment" under N.C. Gen. Stat. 15A-1343(a1)(3), the order reducing the trial court's statements to writing incorrectly indicated that the sentence was "Special Probation-
 G.S. 15A-1351" under "Intermediate Punishment."
 

 Defendant argues that the original written order's classification of the ten-day sentence was unlawful pursuant to N.C. Gen. Stat. § 15A-1444(a2)(2) and this Court should vacate the judgment and remand for resentencing. The State contends the order simply contained an inadvertent clerical error made when the judgment was reduced to writing. The State asserts that the appropriate remedy is to remand for correction of the clerical error with instruction that the trial court indicate the periods of confinement under the appropriate section of the form.
 

 The record before this Court shows the mistake in sentencing was purely a clerical error on the original written order. First, the trial court and prosecutor clearly stated at the beginning of the hearing that the plea agreement contained "community punishment." Second, the trial court indicated at the hearing that it was sentencing Defendant to community punishment and correctly stated the requirements for the periods of confinement as being "two or three days, no more than six days per month for any three separate months." Third, the top of the first page of the original written order indicated that the trial court sentenced Defendant to "community punishment," not intermediate.
 

 Finally, although the sentence was under "Intermediate Punishment" on page two of the form, the ten days could have been served in compliance with the requirements of N.C. Gen. Stat. § 15A-1343(a1)(3). For example, Defendant could have served five days over two weekends each month during the 60 days following the order.
 

 Taken together, these facts demonstrate the entry of Defendant's sentence under "Intermediate Punishment" was a clerical error. We remand to the trial court for correction of the clerical error regarding
 Defendant's sentence pursuant to her plea agreement.
 
 See
 

 Smith
 
 ,
 
 188 N.C.App. at 845
 
 ,
 
 656 S.E.2d at 696-97
 
 .
 

 V. Modified Order
 

 The modified order sentenced Defendant to ten consecutive days of confinement under the "Intermediate Punishments-Contempt" portion of the form. This sentence directly conflicts with the requirements found in N.C. Gen. Stat. § 15A-1343(a1)(3), as agreed to by the parties in the plea agreement, and accepted by the sentencing judge. The State, in its brief, admits that "the probation modification order carried forward, and essentially repeated the clerical error reflected on the judgement when it was reduced to writing." Since the modified order was made pursuant to the clerical error contained in the original written order and we remand the original written order for correction of the error, the modified order imposing a sentence not allowed under community punishment is vacated.
 

 VI. Conclusion
 

 The classification of Defendant's ten-day sentence in the original written order as "Intermediate Punishment" was an inadvertent clerical error made when the order was reduced to writing. We remand for correction of the clerical error in the original written order to be consistent with Defendant's plea agreement with community punishment. We vacate the modified order as it was made pursuant to the clerical error contained within the original written order. Defendant's motion for appropriate relief is dismissed as moot.
 

 REMANDED FOR CORRECTION OF CLERICAL ERROR IN PART; VACATED IN PART.
 

 Judges BRYANT and ZACHARY concur.