IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-131

 No. COA21-134

 Filed 1 March 2022

 Surry County, Nos. 18 CRS 51467, 601

 STATE OF NORTH CAROLINA

 v.

 ROGER DALE ESSICK, JR.

 Appeal by defendant by writ of certiorari from judgment entered 18 July 2019

 by Judge Daniel A. Kuehnert in Surry County Superior Court. Heard in the Court of

 Appeals 17 November 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Heather H.
 Freeman, for the State.

 N.C. Prisoner Legal Services, Inc., by Lauren E. Miller, for defendant-
 appellant.

 ZACHARY, Judge.

¶1 Defendant Roger Dale Essick, Jr., appeals from a judgment entered upon his

 Alford plea1 to two counts of third-degree sexual exploitation of a minor and one count

 of attaining habitual-felon status. On appeal, Defendant argues that the trial court

 erred by enhancing his sentence pursuant to N.C. Gen. Stat. § 15A-1340.17(f) (2019),

 1 An Alford plea is a guilty plea in which the defendant does not admit to any criminal

 act, but admits that there is sufficient evidence to convince the judge or jury of the
 defendant’s guilt. See North Carolina v. Alford, 400 U.S. 25, 37, 27 L. Ed. 2d 162, 171 (1970).
 STATE V. ESSICK

 2022-NCCOA-131

 Opinion of the Court

 and consequently sentencing Defendant to an unauthorized maximum term of

 imprisonment. After careful review, we remand for resentencing.

 Background

¶2 On 10 September 2018, a Surry County grand jury returned indictments

 charging Defendant with two counts of third-degree sexual exploitation of a minor, a

 Class H felony offense, and attaining the status of a habitual felon. The matter came

 on for hearing before the Honorable Daniel A. Kuehnert in Surry County Superior

 Court on 18 July 2019.

¶3 Defendant entered an Alford plea to the sexual-exploitation charges and

 stipulated to having attained habitual-felon status. The plea arrangement provided

 that the “charges [would be] consolidated into one Class H felony” judgment, and that

 Defendant, as a habitual felon and a prior record level III offender, would receive an

 enhanced, Class D-level sentence of 67 to 93 months’ imprisonment, pursuant to N.C.

 Gen. Stat. § 14-7.6.

¶4 However, before accepting Defendant’s plea and entering judgment, the trial

 court reconsidered the sentence agreed upon by the parties. The trial court

 determined that Defendant’s maximum sentence should be increased from 93 months

 to 141 months pursuant to the sentencing enhancement provided in N.C. Gen. Stat.

 § 15A-1340.17(f), which mandates that the maximum sentence for certain “reportable

 convictions” that require enrollment in the sex-offender registry be set as the total
 STATE V. ESSICK

 2022-NCCOA-131

 Opinion of the Court

 sum of (1) the minimum sentence, plus (2) 20% of the minimum sentence, rounded to

 the next highest month, and (3) an additional 60 months.

¶5 After conference, the parties revised the plea transcript to reflect this

 additional sentencing enhancement. The trial court then entered judgment

 sentencing Defendant to serve 67 to 141 months in the custody of the North Carolina

 Division of Adult Correction, and admitting Defendant to the Advanced Supervised

 Release program for a term of 51 months.

¶6 Defendant did not appeal; however, on 25 August 2020, he petitioned this

 Court to issue a writ of certiorari to review the trial court’s judgment. We allowed

 Defendant’s petition for writ of certiorari on 25 September 2020.

 Discussion

¶7 On appeal, Defendant’s sole argument is that the trial court erred by

 increasing his maximum sentence from 93 months to 141 months pursuant to N.C.

 Gen. Stat. § 15A-1340.17(f)’s sentencing-enhancement provision, which he maintains

 “does not apply to Class F through I felony reportable convictions enhanced with

 habitual[-]felon status.”

 I. Appellate Jurisdiction

¶8 In general, a defendant who enters a guilty plea to a felony in superior court

 may appeal as a matter of right “the issue of whether the sentence imposed . . .

 [c]ontains a term of imprisonment that is for a duration not authorized by G.S. 15A-
 STATE V. ESSICK

 2022-NCCOA-131

 Opinion of the Court

 1340.17 or G.S. 15A-1340.23 for the defendant’s class of offense and prior record or

 conviction level.” N.C. Gen. Stat. § 15A-1444(a2)(3). Here, Defendant did not appeal,

 but we allowed his petition for writ of certiorari to review the judgment entered

 against him, which Defendant alleges imposed an excessive and unauthorized term

 of imprisonment. This issue is thus appropriately before this Court.

 II. Standard of Review

¶9 “Generally, when a defendant assigns error to the sentence imposed by the

 trial court our standard of review is whether the sentence is supported by evidence

 introduced at the trial and sentencing hearing.” State v. Allen, 249 N.C. App. 376,

 379, 790 S.E.2d 588, 591 (2016) (citation and internal quotation marks omitted).

 Nonetheless, when this Court is confronted with a statutory error regarding a

 sentencing issue, such error is reviewed de novo as a question of law. Id.

 III. Analysis

¶ 10 Defendant entered an Alford plea to two Class H felonies, which were

 consolidated for sentencing, and he stipulated to having attained habitual-felon

 status, after which the trial court conducted the requisite plea colloquy. Because of

 Defendant’s status as a habitual felon, the trial court sentenced him as a Class D

 offender for the consolidated Class H felonies. Then, the court further enhanced

 Defendant’s maximum sentence pursuant to N.C. Gen. Stat. § 15A-1340.17(f),

 concluding that—as a Class D offender sentenced for a reportable conviction that is
 STATE V. ESSICK

 2022-NCCOA-131

 Opinion of the Court

 subject to the mandatory sex-offender registry—Defendant was also subject to the

 statutory sentencing enhancement applicable to certain felony sex offenders. See N.C.

 Gen. Stat. § 15A-1340.17(f) (“[T]he maximum term of imprisonment shall be equal to

 the sum of the minimum term of imprisonment and twenty percent (20%) of the

 minimum term of imprisonment, rounded to the next highest month, plus 60

 additional months” for those who are “sentenced for a Class B1 through E felony that

 is a reportable conviction subject to the registration requirement of Article 27A of

 Chapter 14 of the General Statutes[.]”).

¶ 11 It is undisputed that Defendant’s sentence for the consolidated Class H

 felonies was properly enhanced due to his habitual-felon status. See id. § 14-7.6

 (requiring that a habitual felon “be sentenced at a felony class level that is four

 classes higher than the principal felony for which the [defendant] was convicted”).

 However, Defendant argues that the trial court erred by further enhancing his

 maximum sentence pursuant to § 15A-1340.17(f), in that he was not sentenced for an

 offense prescribed by the statute (that is, a Class B1 through Class E felony that is

 also a reportable conviction requiring his enrollment in the sex-offender registry);

 rather, Defendant was convicted of two Class H felonies, which were consolidated into

 one Class H felony judgment for which he was sentenced as a Class D offender, due

 to his status as a habitual felon. After analyzing analogous precedent and the plain

 language of § 15A-1340.17(f), we agree.
 STATE V. ESSICK

 2022-NCCOA-131

 Opinion of the Court

¶ 12 A defendant who attains habitual-felon status is subject to increased

 punishment for his subsequent crimes. State v. Allen, 292 N.C. 431, 435, 233 S.E.2d

 585, 588 (1977). Our habitual-felon statute provides that “[a]ny person who has been

 convicted of or [pleaded] guilty to three felony offenses in any federal court or state

 court in the United States or combination thereof is declared to be [a] habitual felon

 and may be charged as a status offender pursuant to this Article.” N.C. Gen. Stat.

 § 14-7.1(a). When a habitual felon commits a felony, “the felon must, upon conviction

 or plea of guilty . . . be sentenced at a felony class level that is four classes higher

 than the principal felony for which the person was convicted[.]” Id. § 14-7.6. “The only

 reason for establishing that an accused is [a] habitual felon is to enhance the

 punishment which would otherwise be appropriate for the substantive felony which

 he has allegedly committed while in such a status.” Allen, 292 N.C. at 435, 233 S.E.2d

 at 588.

¶ 13 A similar statutory sentencing enhancement applies to certain sex offenses

 that fall within the classification of statutorily defined “reportable convictions”:

 [F]or offenders sentenced for a Class B1 through E felony
 that is a reportable conviction subject to the registration
 requirement of Article 27A of Chapter 14 of the General
 Statutes, the maximum term of imprisonment shall be
 equal to the sum of the minimum term of imprisonment
 and twenty percent (20%) of the minimum term of
 imprisonment, rounded to the next highest month, plus 60
 additional months.
 STATE V. ESSICK

 2022-NCCOA-131

 Opinion of the Court

 N.C. Gen. Stat. § 15A-1340.17(f) (emphasis added).

¶ 14 On appeal, Defendant concedes that the two counts of third-degree sexual

 exploitation of a minor, a Class H felony offense, to which he pleaded guilty are

 “reportable convictions” subject to the sex-offender registry requirement as defined

 by N.C. Gen. Stat. § 14-208.6(4). Moreover, he does not challenge his convictions,

 plea, or habitual-felon status. Instead, Defendant argues that the additional sentence

 enhancement in N.C. Gen. Stat. § 15A-1340.17(f) does not apply here because his

 Class H felony reportable convictions are outside of the scope of the statute, which

 only pertains to Class B1 through E felony reportable convictions.

¶ 15 The parties cite no case that directly addresses whether § 15A-1340.17(f) may

 be applied in addition to the habitual-felon sentencing enhancement. However, the

 State contends that State v. Jones, 358 N.C. 473, 598 S.E.2d 125 (2004), should guide

 our analysis.

¶ 16 In Jones, our Supreme Court analyzed N.C. Gen. Stat. § 90-95(d)(2) (2003),

 which provides, inter alia, that possession of a “controlled substance classified in

 Schedule II, III, or IV shall be . . . a Class 1 misdemeanor[,]” but that “[i]f the

 controlled substance is . . . cocaine . . . , the violation shall be punishable as a Class I

 felony.” 358 N.C. at 476–77, 598 S.E.2d at 127 (emphases omitted); N.C. Gen. Stat.

 § 90-95(d)(2). After reviewing the plain language of § 90-95(d)(2), the Court concluded

 that the specific reference to cocaine controlled over the general misdemeanor
 STATE V. ESSICK

 2022-NCCOA-131

 Opinion of the Court

 provision, Jones, 358 N.C. at 478–79, 598 S.E.2d at 128–29, and therefore, “the phrase

 ‘punishable as a Class I felony’ d[id] not simply denote a sentencing classification, but

 rather, dictate[d] that a conviction for possession of the substances listed therein,

 including cocaine, [wa]s elevated to a felony classification for all purposes.” Id. at 478,

 598 S.E.2d at 128.

¶ 17 In the instant case, however, we are not presented with a conflict between two

 statutory provisions—one general and one specific—which the traditional rules of

 statutory interpretation would guide us to resolve by favoring the specific provision

 as an exception to the general. Thus, the State’s reliance on Jones is misplaced.

¶ 18 Rather, we deem more instructive this Court’s opinion in State v. Vaughn, 130

 N.C. App. 456, 503 S.E.2d 110 (1998), aff’d per curiam, 350 N.C. 88, 511 S.E.2d 638

 (1999). In Vaughn, the trial court determined that for the purposes of calculating the

 defendant’s prior record level at sentencing, the defendant’s previous Class H

 conviction should be treated as a Class C conviction, as that was the enhanced

 sentence that the defendant received due to his status as a habitual felon. 130 N.C.

 App. at 458–59, 503 S.E.2d at 111–12. The defendant argued on appeal that when

 calculating his prior record level, the trial court should have considered the previous

 conviction to be a Class H felony rather than a Class C felony. Id. This Court agreed,

 concluding that the defendant’s “contemporaneous conviction of being [a] habitual

 felon did not reclassify the [Class H felony] as a Class C felony. Rather, the habitual
 STATE V. ESSICK

 2022-NCCOA-131

 Opinion of the Court

 felon conviction required that the defendant be sentenced as a Class C felon.” Id. at

 460, 503 S.E.2d at 113 (citation and internal quotation marks omitted).

¶ 19 The facts of the instant case are similar to those of Vaughn. As in Vaughn—in

 which the trial court erroneously determined that the defendant’s enhanced prior

 Class C sentence was a Class C conviction for purposes of calculating his prior record

 level—the trial court here erroneously determined that Defendant’s enhanced Class

 D sentence was a Class D conviction for purposes of administering the sentencing

 enhancement pursuant to N.C. Gen. Stat. § 15A-1340.17(f). And just as in Vaughn,

 the habitual-felon sentencing enhancement did not convert the lower-level felony for

 which Defendant was convicted into the higher-level felony for which he was

 punished. See id.; accord State v. Gardner, 225 N.C. App. 161, 169, 736 S.E.2d 826,

 832 (2013) (“[T]he fact that a defendant has been sentenced as a Class C felon, for

 example, does not mean that the actual, underlying offense is transformed into a

 Class C felony.” (citation and internal quotation marks omitted)).

¶ 20 Therefore, because Defendant’s “contemporaneous conviction of being [a]

 habitual felon did not reclassify” his Class H felony convictions to a Class D felony

 conviction, the trial court erred in applying the § 15A-1340.17(f) sentencing

 enhancement. Vaughn, 130 N.C. App. at 460, 503 S.E.2d at 113. In other words, the

 fact that Defendant was sentenced as a Class D felon for his Class H felony

 convictions “does not mean that the actual, underlying offense[s were] transformed
 STATE V. ESSICK

 2022-NCCOA-131

 Opinion of the Court

 into a Class [D] felony” simply because of his status as a habitual felon. Gardner, 225

 N.C. App. at 169, 736 S.E.2d at 832. As a result of this error, Defendant received a

 sentence “for a duration not authorized by G.S. 15A-1340.17 . . . for [his] class of

 offense and prior record or conviction level.” N.C. Gen. Stat. § 15A-1444(a2)(3).

¶ 21 Further, the plain language of § 15A-1340.17(f) suggests that the sentencing

 enhancement only applies to those convicted of certain Class B1 through E felonies,

 rather than those convicted of lower-level felonies but punished at the higher level of

 Class B1 through E due to the application of some other sentencing enhancement.

 “When interpreting statutes, our principal goal is to effectuate the purpose of the

 legislature.” Jones, 358 N.C. at 477, 598 S.E.2d at 128 (citation and internal quotation

 marks omitted). “When the language of a statute is clear and unambiguous, there is

 no room for judicial construction, and the courts must give it its plain and definite

 meaning.” Id. (citation omitted). However, “where a statute is ambiguous, judicial

 construction must be used to ascertain the legislative will.” Id. (citation omitted).

¶ 22 By its plain language, subsection (f) applies to those defendants convicted of

 and sentenced for a Class B1 through E felony that is a reportable conviction subject

 to the sex-offender registry requirement, rather than those convicted of a lower-level

 felony who happen to be sentenced at a Class B1 through E level due to a habitual-

 felon status enhancement. See N.C. Gen. Stat. § 15A-1340.17(f) (applying the

 maximum sentence enhancement to “offenders sentenced for a Class B1 through E
 STATE V. ESSICK

 2022-NCCOA-131

 Opinion of the Court

 felony that is a reportable conviction subject to the registration requirement of Article

 27A of Chapter 14 of the General Statutes” (emphasis added)). Indeed, the phrase

 “that is a reportable conviction subject to the registration requirement of Article 27A

 of Chapter 14 of the General Statutes” limits the class of offenders subject to this

 sentencing enhancement to those individuals being sentenced for (1) Class B1

 through E felony offenses that (2) constitute “reportable convictions” subject to

 Chapter 14, Article 27A’s registration requirement. Id. Therefore, § 15A-1340.17(f)

 plainly indicates that the sentencing enhancement applies solely to defendants

 sentenced for reportable Class B1 through E felony convictions, as opposed to

 defendants punished as Class B1 through E felons because of habitual-felon status

 sentencing enhancements.

¶ 23 In the instant case, Defendant’s felony convictions clearly constitute

 “reportable convictions” subject to the sex-offender registry requirement. See id.

 §§ 14-208.6(4)a; 15A-1340.17(f). However, the offenses for which he was convicted and

 sentenced—two counts of third-degree sexual exploitation of a minor—are

 undeniably Class H felonies. See id. § 14-190.17A(d). As Class H felonies, Defendant’s

 convictions fall outside the scope of the plain language of § 15A-1340.17(f), which

 applies to “offenders sentenced for a Class B1 through E felony that is a reportable

 conviction subject to the [sex-offender] registration requirement[.]” Id. § 15A-

 1340.17(f) (emphases added).
 STATE V. ESSICK

 2022-NCCOA-131

 Opinion of the Court

¶ 24 Thus, upon review of Vaughn and the plain language of § 15A-1340.17(f), we

 conclude that the trial court erred by applying the § 15A-1340.17(f) sentencing

 enhancement in Defendant’s case. A defendant’s “contemporaneous conviction of

 being [a] habitual felon d[oes] not reclassify” the underlying felony conviction as a

 higher-level felony, Vaughn, 130 N.C. App. at 460, 503 S.E.2d at 113, and the statute

 clearly indicates that subsection (f) applies only to those “sentenced for a Class B1

 through E felony that is a reportable conviction subject to the registration

 requirement of Article 27A of Chapter 14 of the General Statutes,” N.C. Gen. Stat.

 § 15A-1340.17(f). Here, because Defendant was not sentenced for a reportable

 conviction of a Class D felony—but instead was sentenced as a Class D felon for his

 convictions of the Class H felonies due to his status as a habitual felon—we conclude

 that it was error for the trial court to also enhance his sentence pursuant to § 15A-

 1340.17(f).

 Conclusion

¶ 25 For the foregoing reasons, we conclude that the trial court erred in subjecting

 Defendant to the maximum sentence enhancement provided in N.C. Gen. Stat. § 15A-

 1340.17(f). Accordingly, we remand for resentencing.

 REMANDED FOR RESENTENCING.

 Judges INMAN and CARPENTER concur.