IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-131

No. COA21-134

Filed 1 March 2022

Surry County, Nos. 18 CRS 51467, 601

STATE OF NORTH CAROLINA

v.

ROGER DALE ESSICK, JR.

Appeal by defendant by writ of certiorari from judgment entered 18 July 2019 by Judge Daniel A. Kuehnert in Surry County Superior Court. Heard in the Court of Appeals 17 November 2021.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Heather H. Freeman, for the State.*

> *N.C. Prisoner Legal Services, Inc., by Lauren E. Miller, for defendant-appellant.*

ZACHARY, Judge.

¶ 1   Defendant Roger Dale Essick, Jr., appeals from a judgment entered upon his *Alford* plea[1] to two counts of third-degree sexual exploitation of a minor and one count of attaining habitual-felon status. On appeal, Defendant argues that the trial court erred by enhancing his sentence pursuant to N.C. Gen. Stat. § 15A-1340.17(f) (2019),

---

[1] An *Alford* plea is a guilty plea in which the defendant does not admit to any criminal act, but admits that there is sufficient evidence to convince the judge or jury of the defendant's guilt. *See North Carolina v. Alford*, 400 U.S. 25, 37, 27 L. Ed. 2d 162, 171 (1970).

and consequently sentencing Defendant to an unauthorized maximum term of imprisonment. After careful review, we remand for resentencing.

## *Background*

On 10 September 2018, a Surry County grand jury returned indictments charging Defendant with two counts of third-degree sexual exploitation of a minor, a Class H felony offense, and attaining the status of a habitual felon. The matter came on for hearing before the Honorable Daniel A. Kuehnert in Surry County Superior Court on 18 July 2019.

Defendant entered an *Alford* plea to the sexual-exploitation charges and stipulated to having attained habitual-felon status. The plea arrangement provided that the "charges [would be] consolidated into one Class H felony" judgment, and that Defendant, as a habitual felon and a prior record level III offender, would receive an enhanced, Class D-level sentence of 67 to 93 months' imprisonment, pursuant to N.C. Gen. Stat. § 14-7.6.

However, before accepting Defendant's plea and entering judgment, the trial court reconsidered the sentence agreed upon by the parties. The trial court determined that Defendant's maximum sentence should be increased from 93 months to 141 months pursuant to the sentencing enhancement provided in N.C. Gen. Stat. § 15A-1340.17(f), which mandates that the maximum sentence for certain "reportable convictions" that require enrollment in the sex-offender registry be set as the total

sum of (1) the minimum sentence, plus (2) 20% of the minimum sentence, rounded to the next highest month, and (3) an additional 60 months.

¶ 5    After conference, the parties revised the plea transcript to reflect this additional sentencing enhancement. The trial court then entered judgment sentencing Defendant to serve 67 to 141 months in the custody of the North Carolina Division of Adult Correction, and admitting Defendant to the Advanced Supervised Release program for a term of 51 months.

¶ 6    Defendant did not appeal; however, on 25 August 2020, he petitioned this Court to issue a writ of certiorari to review the trial court's judgment. We allowed Defendant's petition for writ of certiorari on 25 September 2020.

## *Discussion*

¶ 7    On appeal, Defendant's sole argument is that the trial court erred by increasing his maximum sentence from 93 months to 141 months pursuant to N.C. Gen. Stat. § 15A-1340.17(f)'s sentencing-enhancement provision, which he maintains "does not apply to Class F through I felony reportable convictions enhanced with habitual[-]felon status."

### I.    *Appellate Jurisdiction*

¶ 8    In general, a defendant who enters a guilty plea to a felony in superior court may appeal as a matter of right "the issue of whether the sentence imposed . . . [c]ontains a term of imprisonment that is for a duration not authorized by G.S. 15A-

1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen. Stat. § 15A-1444(a2)(3). Here, Defendant did not appeal, but we allowed his petition for writ of certiorari to review the judgment entered against him, which Defendant alleges imposed an excessive and unauthorized term of imprisonment. This issue is thus appropriately before this Court.

## II.     *Standard of Review*

¶ 9     "Generally, when a defendant assigns error to the sentence imposed by the trial court our standard of review is whether the sentence is supported by evidence introduced at the trial and sentencing hearing." *State v. Allen*, 249 N.C. App. 376, 379, 790 S.E.2d 588, 591 (2016) (citation and internal quotation marks omitted). Nonetheless, when this Court is confronted with a statutory error regarding a sentencing issue, such error is reviewed de novo as a question of law. *Id.*

## III.     *Analysis*

¶ 10     Defendant entered an *Alford* plea to two Class H felonies, which were consolidated for sentencing, and he stipulated to having attained habitual-felon status, after which the trial court conducted the requisite plea colloquy. Because of Defendant's status as a habitual felon, the trial court sentenced him as a Class D offender for the consolidated Class H felonies. Then, the court further enhanced Defendant's maximum sentence pursuant to N.C. Gen. Stat. § 15A-1340.17(f), concluding that—as a Class D offender sentenced for a reportable conviction that is

subject to the mandatory sex-offender registry—Defendant was also subject to the statutory sentencing enhancement applicable to certain felony sex offenders. *See* N.C. Gen. Stat. § 15A-1340.17(f) ("[T]he maximum term of imprisonment shall be equal to the sum of the minimum term of imprisonment and twenty percent (20%) of the minimum term of imprisonment, rounded to the next highest month, plus 60 additional months" for those who are "sentenced for a Class B1 through E felony that is a reportable conviction subject to the registration requirement of Article 27A of Chapter 14 of the General Statutes[.]").

¶ 11 It is undisputed that Defendant's sentence for the consolidated Class H felonies was properly enhanced due to his habitual-felon status. *See id.* § 14-7.6 (requiring that a habitual felon "be sentenced at a felony class level that is four classes higher than the principal felony for which the [defendant] was convicted"). However, Defendant argues that the trial court erred by further enhancing his maximum sentence pursuant to § 15A-1340.17(f), in that he was not sentenced for an offense prescribed by the statute (that is, a Class B1 through Class E felony that is also a reportable conviction requiring his enrollment in the sex-offender registry); rather, Defendant was convicted of two Class H felonies, which were consolidated into one Class H felony judgment for which he was sentenced as a Class D offender, due to his status as a habitual felon. After analyzing analogous precedent and the plain language of § 15A-1340.17(f), we agree.

¶ 12        A defendant who attains habitual-felon status is subject to increased punishment for his subsequent crimes. *State v. Allen*, 292 N.C. 431, 435, 233 S.E.2d 585, 588 (1977). Our habitual-felon statute provides that "[a]ny person who has been convicted of or [pleaded] guilty to three felony offenses in any federal court or state court in the United States or combination thereof is declared to be [a] habitual felon and may be charged as a status offender pursuant to this Article." N.C. Gen. Stat. § 14-7.1(a). When a habitual felon commits a felony, "the felon must, upon conviction or plea of guilty . . . be sentenced at a felony class level that is four classes higher than the principal felony for which the person was convicted[.]" *Id.* § 14-7.6. "The only reason for establishing that an accused is [a] habitual felon is to enhance the punishment which would otherwise be appropriate for the substantive felony which he has allegedly committed while in such a status." *Allen*, 292 N.C. at 435, 233 S.E.2d at 588.

¶ 13        A similar statutory sentencing enhancement applies to certain sex offenses that fall within the classification of statutorily defined "reportable convictions":

> [F]or offenders *sentenced for a Class B1 through E felony that is a reportable conviction subject to the registration requirement of Article 27A of Chapter 14 of the General Statutes*, the maximum term of imprisonment shall be equal to the sum of the minimum term of imprisonment and twenty percent (20%) of the minimum term of imprisonment, rounded to the next highest month, plus 60 additional months.

N.C. Gen. Stat. § 15A-1340.17(f) (emphasis added).

¶ 14     On appeal, Defendant concedes that the two counts of third-degree sexual exploitation of a minor, a Class H felony offense, to which he pleaded guilty are "reportable convictions" subject to the sex-offender registry requirement as defined by N.C. Gen. Stat. § 14-208.6(4). Moreover, he does not challenge his convictions, plea, or habitual-felon status. Instead, Defendant argues that the additional sentence enhancement in N.C. Gen. Stat. § 15A-1340.17(f) does not apply here because his Class H felony reportable convictions are outside of the scope of the statute, which only pertains to Class B1 through E felony reportable convictions.

¶ 15     The parties cite no case that directly addresses whether § 15A-1340.17(f) may be applied in addition to the habitual-felon sentencing enhancement. However, the State contends that *State v. Jones*, 358 N.C. 473, 598 S.E.2d 125 (2004), should guide our analysis.

¶ 16     In *Jones*, our Supreme Court analyzed N.C. Gen. Stat. § 90-95(d)(2) (2003), which provides, *inter alia*, that possession of a "controlled substance classified in Schedule II, III, or IV shall be . . . a Class 1 misdemeanor[,]" but that "[i]f the controlled substance is . . . cocaine . . . , the violation shall be punishable as a Class I felony." 358 N.C. at 476–77, 598 S.E.2d at 127 (emphases omitted); N.C. Gen. Stat. § 90-95(d)(2). After reviewing the plain language of § 90-95(d)(2), the Court concluded that the specific reference to cocaine controlled over the general misdemeanor

provision, *Jones*, 358 N.C. at 478–79, 598 S.E.2d at 128–29, and therefore, "the phrase 'punishable as a Class I felony' d[id] not simply denote a sentencing classification, but rather, dictate[d] that a conviction for possession of the substances listed therein, including cocaine, [wa]s elevated to a felony classification for all purposes." *Id.* at 478, 598 S.E.2d at 128.

¶ 17        In the instant case, however, we are not presented with a conflict between two statutory provisions—one general and one specific—which the traditional rules of statutory interpretation would guide us to resolve by favoring the specific provision as an exception to the general. Thus, the State's reliance on *Jones* is misplaced.

¶ 18        Rather, we deem more instructive this Court's opinion in *State v. Vaughn*, 130 N.C. App. 456, 503 S.E.2d 110 (1998), *aff'd per curiam*, 350 N.C. 88, 511 S.E.2d 638 (1999). In *Vaughn*, the trial court determined that for the purposes of calculating the defendant's prior record level at sentencing, the defendant's previous Class H conviction should be treated as a Class C conviction, as that was the enhanced sentence that the defendant received due to his status as a habitual felon. 130 N.C. App. at 458–59, 503 S.E.2d at 111–12. The defendant argued on appeal that when calculating his prior record level, the trial court should have considered the previous conviction to be a Class H felony rather than a Class C felony. *Id.* This Court agreed, concluding that the defendant's "contemporaneous conviction of being [a] habitual felon did not reclassify the [Class H felony] as a Class C felony. Rather, the habitual

felon conviction required that the defendant be *sentenced as* a Class C felon." *Id.* at 460, 503 S.E.2d at 113 (citation and internal quotation marks omitted).

¶ 19      The facts of the instant case are similar to those of *Vaughn*. As in *Vaughn*—in which the trial court erroneously determined that the defendant's enhanced prior Class C *sentence* was a Class C *conviction* for purposes of calculating his prior record level—the trial court here erroneously determined that Defendant's enhanced Class D *sentence* was a Class D *conviction* for purposes of administering the sentencing enhancement pursuant to N.C. Gen. Stat. § 15A-1340.17(f). And just as in *Vaughn*, the habitual-felon sentencing enhancement did not convert the lower-level felony for which Defendant was convicted into the higher-level felony for which he was punished. *See id.*; *accord State v. Gardner*, 225 N.C. App. 161, 169, 736 S.E.2d 826, 832 (2013) ("[T]he fact that a defendant has been *sentenced as* a Class C felon, for example, does not mean that the actual, underlying offense is transformed into a Class C felony." (citation and internal quotation marks omitted)).

¶ 20      Therefore, because Defendant's "contemporaneous conviction of being [a] habitual felon did not reclassify" his Class H felony convictions to a Class D felony conviction, the trial court erred in applying the § 15A-1340.17(f) sentencing enhancement. *Vaughn*, 130 N.C. App. at 460, 503 S.E.2d at 113. In other words, the fact that Defendant was sentenced as a Class D felon for his Class H felony convictions "does not mean that the actual, underlying offense[s were] transformed

into a Class [D] felony" simply because of his status as a habitual felon. *Gardner*, 225 N.C. App. at 169, 736 S.E.2d at 832. As a result of this error, Defendant received a sentence "for a duration not authorized by G.S. 15A-1340.17 . . . for [his] class of offense and prior record or conviction level." N.C. Gen. Stat. § 15A-1444(a2)(3).

¶ 21        Further, the plain language of § 15A-1340.17(f) suggests that the sentencing enhancement only applies to those convicted of certain Class B1 through E felonies, rather than those convicted of lower-level felonies but punished at the higher level of Class B1 through E due to the application of some other sentencing enhancement. "When interpreting statutes, our principal goal is to effectuate the purpose of the legislature." *Jones*, 358 N.C. at 477, 598 S.E.2d at 128 (citation and internal quotation marks omitted). "When the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning." *Id.* (citation omitted). However, "where a statute is ambiguous, judicial construction must be used to ascertain the legislative will." *Id.* (citation omitted).

¶ 22        By its plain language, subsection (f) applies to those defendants *convicted of and sentenced for* a Class B1 through E felony that is a reportable conviction subject to the sex-offender registry requirement, rather than those convicted of a lower-level felony who happen to be *sentenced at* a Class B1 through E level due to a habitual-felon status enhancement. *See* N.C. Gen. Stat. § 15A-1340.17(f) (applying the maximum sentence enhancement to "offenders *sentenced for* a Class B1 through E

felony that is a reportable conviction subject to the registration requirement of Article 27A of Chapter 14 of the General Statutes" (emphasis added)). Indeed, the phrase "that is a reportable conviction subject to the registration requirement of Article 27A of Chapter 14 of the General Statutes" limits the class of offenders subject to this sentencing enhancement to those individuals being sentenced for (1) Class B1 through E felony offenses that (2) constitute "reportable convictions" subject to Chapter 14, Article 27A's registration requirement. *Id.* Therefore, § 15A-1340.17(f) plainly indicates that the sentencing enhancement applies solely to defendants sentenced for reportable Class B1 through E felony convictions, as opposed to defendants punished as Class B1 through E felons because of habitual-felon status sentencing enhancements.

¶ 23     In the instant case, Defendant's felony convictions clearly constitute "reportable convictions" subject to the sex-offender registry requirement. *See id.* §§ 14-208.6(4)a; 15A-1340.17(f). However, the offenses for which he was convicted and sentenced—two counts of third-degree sexual exploitation of a minor—are undeniably Class H felonies. *See id.* § 14-190.17A(d). As Class H felonies, Defendant's convictions fall outside the scope of the plain language of § 15A-1340.17(f), which applies to "offenders sentenced for a *Class B1 through E felony* that is a *reportable conviction* subject to the [sex-offender] registration requirement[.]" *Id.* § 15A-1340.17(f) (emphases added).

¶ 24       Thus, upon review of *Vaughn* and the plain language of § 15A-1340.17(f), we conclude that the trial court erred by applying the § 15A-1340.17(f) sentencing enhancement in Defendant's case. A defendant's "contemporaneous conviction of being [a] habitual felon d[oes] not reclassify" the underlying felony conviction as a higher-level felony, *Vaughn*, 130 N.C. App. at 460, 503 S.E.2d at 113, and the statute clearly indicates that subsection (f) applies only to those "sentenced for a Class B1 through E felony that is a reportable conviction subject to the registration requirement of Article 27A of Chapter 14 of the General Statutes," N.C. Gen. Stat. § 15A-1340.17(f). Here, because Defendant was not sentenced for a reportable conviction of a Class D felony—but instead was sentenced as a Class D felon for his convictions of the Class H felonies due to his status as a habitual felon—we conclude that it was error for the trial court to also enhance his sentence pursuant to § 15A-1340.17(f).

## *Conclusion*

¶ 25       For the foregoing reasons, we conclude that the trial court erred in subjecting Defendant to the maximum sentence enhancement provided in N.C. Gen. Stat. § 15A-1340.17(f). Accordingly, we remand for resentencing.

REMANDED FOR RESENTENCING.

Judges INMAN and CARPENTER concur.