An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-968

Filed 20 August 2025

Stokes County, Nos. 23CRS482695-840, 24CRS216626-840

STATE OF NORTH CAROLINA

v.

TRAVIS EUGENE STEWART

Appeal by defendant from judgments entered 11 March 2024 by Judge Angela B. Puckett in Stokes County Superior Court. Heard in the Court of Appeals 31 July 2025.

*Attorney General Jeff Jackson, by Special Deputy Attorney General Alan D. McInnes, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Nicholas C. Woomer-Deters, for defendant-appellant.*

ZACHARY, Judge.

Defendant Travis Eugene Stewart appeals from the trial court's judgments entered upon his *Alford* plea to multiple offenses.[1] Counsel for Defendant filed an

---

[1] "A defendant enters into an *Alford* plea when he proclaims he is innocent, but intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains

*Anders* brief on appeal. After careful review, we affirm the judgments of the trial court.

## Background

The State charged Defendant with multiple criminal offenses allegedly committed in 2023 and 2024.

The trial court accepted Defendant's *Alford* plea on 11 March 2024. Pursuant to the plea arrangement, Defendant agreed to plead guilty to breaking or entering; possession of a firearm by a felon; felony possession of a Schedule II controlled substance; possession of a Schedule II controlled substance with intent to manufacture, sell, or deliver; and carrying a concealed weapon, with the stipulation that the charges be "consolidated into two judgments." In exchange, the State agreed to dismiss Defendant's four remaining misdemeanor charges.

The trial court consolidated the charges and entered two judgments in accordance with the plea arrangement, imposing a term of 19 to 32 months' imprisonment in the custody of the North Carolina Department of Adult Correction, to be followed by a term of 11 to 23 months' imprisonment.

Defendant gave timely oral notice of appeal from the judgments.

## *Anders* Review

---

strong evidence of actual guilt." *State v. Crawford*, 278 N.C. App. 104, 105 n.1, 861 S.E.2d 18, 21 n.1 (2021) (cleaned up), *disc. review denied*, 382 N.C. 728, 879 S.E.2d 582 (2022); *see also North Carolina v. Alford*, 400 U.S. 25, 37, 27 L. Ed. 2d 162, 171 (1970).

On appeal, Defendant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, *reh'g denied*, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967) and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), stating that he "has carefully examined the record and relevant cases and statutes and [has been] unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal." Thus, counsel has requested that "this Court . . . fully examine the record for possible prejudicial error and . . . determine whether counsel overlooked any meritorious claim for relief." We are satisfied that counsel has complied with the requirements of *Anders* and *Kinch* by "advising [Defendant] of his right to file supplemental arguments on his own" and "mailing him this Court's address, along with copies of this brief; the record on appeal; and the transcript of the trial proceedings below." Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time in which he could have done so has passed.

"Under our review pursuant to *Anders* and *Kinch*, we must determine from a full examination of all the proceedings whether the appeal is wholly frivolous." *State v. Frink*, 177 N.C. App. 144, 145, 627 S.E.2d 472, 473 (2006) (cleaned up). As required by *Anders* and *Kinch*, we have conducted a full examination of the record for any issue with arguable merit, including the potential issues that Defendant's counsel raised.

We are unable to find any error that might entitle Defendant to relief from the judgments.[2] Therefore, we affirm the trial court's judgments.

## Conclusion

For the foregoing reasons, we affirm the trial court's judgments.

AFFIRMED.

Judges TYSON and GRIFFIN concur.

Report per Rule 30(e).

---

[2] Defendant's counsel identified certain alleged clerical errors in the bills of information. A clerical error is "an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination." *State v. Allen*, 249 N.C. App. 376, 380, 790 S.E.2d 588, 591 (2016) (cleaned up). "When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth." *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) (cleaned up). Here, the alleged clerical errors do not appear in the trial court's judgments. Accordingly, we decline to remand this case for the correction of the aforementioned clerical errors in the bills of information.