An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-626

Filed 18 February 2026

Wake County, No. 23CR406028-910

STATE OF NORTH CAROLINA

v.

JESSE NATHAN METCALF, Defendant.

Appeal by defendant from judgment entered 11 April 2024 by Judge Rebecca W. Holt in Wake County Superior Court. Heard in the Court of Appeals 12 January 2026.

> *Attorney General Jeff Jackson, by Deputy Solicitor General James W. Doggett and Solicitor General Fellow K. Devan Daly, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Wyatt Orsbon, for defendant-appellant.*

PER CURIAM.

Defendant Jesse N. Metcalf was convicted by a jury for threatening a court officer after he told a bailiff that he would shoot the assistant district attorney who was prosecuting Defendant on domestic violence charges. The trial court sentenced Defendant to 6 to 17 months and suspended the sentence for 60 months of supervised

probation. As a condition of Defendant's probation, the trial court ordered Defendant to serve an active term of 4 months. Defendant appealed and now contends that the trial court violated N.C.G.S. § 15A-1351(a) by setting a period of probation that exceeds five years.

We review alleged statutory interpretation errors regarding sentencing de novo. *State v. Allen*, 249 N.C. App. 376, 379 (2016). A trial court may sentence a defendant, due to the defendant's prior record and the offense convicted of, to a sentence of special probation with various conditions, to include a period of imprisonment. N.C.G.S. § 15A-1351(a). However, the original period of probation, inclusive of the period of imprisonment, cannot exceed five years, or 60 months. *Id.* Therefore, the period of imprisonment must end "within the period of probation[.]" *State v. Ray*, 274 N.C. App. 240, 247 (2020) (citation and marks omitted).

We agree that had the trial court imposed a 64 month long probation, the trial court would have violated G.S. 15A-1351(a), but we construe the order as imposing a period of probation comprised of 4-months of special probation followed by 56 months of supervised probation.

There is nothing in the trial court's order that requires us to construe Defendant's 60 months of supervised probation as beginning after the special probation period. The order stated that Defendant was to serve "4 mos. special probation to begin at the expiration of any sentence (21CR208217-910) [currently] serving[.]" (capitalization altered). Further, it stated that the "period of probation

[is] to run concurrent upon release with any other period of probation imposed[.]" (Capitalization altered).

We take the trial court's order to mean that Defendant, after completing his sentence for a different conviction, begins his special probation period as well as his period of supervised probation. Thus, after the completion of his 4 month special probation, Defendant has 56 months of supervised probation beginning upon his release, to run concurrently with any other probation Defendant has been sentenced to with respect to his additional convictions.

Thus, the trial court did not err in entering Defendant's sentence.

NO ERROR.

Panel consisting of Chief Judge DILLON and Judges GORE and FREEMAN.

Report per Rule 30(e).